## BANK OF CALIFORNIA, N. A., v. KING COUNTY et al.

### No. 1138.

District Court, W. D. Washington, N. D.

Nov. 12, 1936.

Bogle, Bogle & Gates, of Seattle, Wash., for complainant.

Warren G. Magnuson and Edwin C. Ewing, both of Seattle, Wash., for respondents.

BOWEN, District Judge.

National banks are instrumentalities of the federal government, and states and counties are without power to tax the personal property of such banks. 12 U.S.C.A. § 548; Owensboro National Bank v. Owensboro, 173 U.S. 664, 19 S.Ct. 537, 43 L.Ed. 850; Chase National Bank v. Spokane County, 125 Wash. 1, 215 P. 374.

In Aberdeen Savings & Loan Association v. Chase, 157 Wash. 351, at page 372, 289 P. 536, 545, 290 P. 697, 71 A.L.R. 232, the court said: "It is, of course, true that a state cannot tax a national bank without authority from Congress, and then only strictly according to the terms of the authority granted, because such banks are agencies of the United States, created by and acting under the Constitution and laws of the federal government to promote Governmental purposes. First National Bank of Guthrie Center v. Anderson, 269 U.S. 341, 46 S.Ct. 135, 70 L.Ed. 295; Owensboro National Bank v. City of Owensboro, 173 U.S. 664, 19 S. Ct. 537, 43 L.Ed. 850."

The state statute (Rem.Rev.Stat. of Wash. § 11315—1, subsecs. 1 and 2), asserted by respondents to afford complainant the adequate legal remedy of paying the taxes under protest and later suing for recovery back, expressly excepts from the operation of that statute cases "(1) Where the law under which the tax is imposed is void; and (2) Where the property upon which the tax is imposed is exempt from taxation."

That the personal property of complainant consisting of machinery and equipment, encumbered with the taxes here, is exempt from those taxes and that the law under which the taxes are imposed, as applied to the property here, is void, are conclusions which obviously follow merely from a consideration of the act of Congress and the decisions above cited. Those conclusions do not in any way involve the determination of any factual question. The fact that the taxes here in question are utterly void certainly appears now from the record now made, and the threatened collection of those taxes is in violation of the above-cited act of Congress, which gives the states no permission to tax any personal property of national banks, without distinction as to the use made of such property. See 12 U.S.C.A. § 548.

In Allen v. Baltimore & Ohio R. R. Co., 114 U.S. 311, at page 316, 5 S.Ct. 925, 927, 962, 29 L.Ed. 200, the court said: "In the case of national banks, the assessment and collection of taxes illegally assessed under the authority of state laws, in violation of acts of congress, are habitually restrained by the preventive remedy of injunction." That statement of the rule, applicable here, does not

appear to have been subsequently modified.

This court is of the opinion that complainant is entitled to the injunctive relief prayed for and that the motion to strike, directed to the answer of respondents, should be granted.

Order may be settled upon notice or stipulation.