[Civil No. 4406. Filed February 2, 1942.]

[121 Pac. (2d) 646.]

D. C. O'NEIL, THAD M. MOORE and C. W. PETERSON, as Members of and Constituting the State Tax Commission of the State of Arizona, and FRANK E. FRASER, Director of Sales Tax Division of the State of Arizona, Appellants, v. THE VALLEY NATIONAL BANK OF PHOENIX, a National Banking Association, Appellee.

Mr. Joe Conway, Attorney General, and Mr. Edward P. Cline, Assistant Attorney General, for Appellants.

Messrs. Gust, Rosenfeld, Divelbess, Robinette & Coolidge, for Appellee.

ROSS, J.—This action was brought by the Valley National Bank of Phoenix, a national banking association, against the State Tax Commission seeking a declaratory judgment as to whether it should pay a sales tax on rentals it has collected and proposes to collect from tenants of offices in the Security Building located in Phoenix. It acquired said building on December 23, 1938, in the ordinary course of its banking operations and, as an incident of ownership and possession, leases space in the building and collects rent therefor. The federal statute, 12 U. S. C. A. § 29, permits a national bank to own and possess realty for a period of five years from the time of its acquisition.

The State Tax Commission feels that plaintiff should pay the tax, since it is nondiscriminatory and is imposed by a general law to obtain revenue for the state to operate on. Sections 73–1301 to 73–1334, Arizona Code 1939. Section 73–1303, subdivision (f) 2, lays a 2% tax on the gross income or receipts of rentals. Plaintiff denies the right of the state to collect of it such tax on the ground that it was organized for and is used by the government in the operation of its governmental functions and is an instrumentality of the government. This contention was sustained by the trial court. The tax commission has appealed. We are asked to decide which is right.

■ We should state that the plaintiff is an agent or instrumentality of the United States. This has been settled ever since *McCulloch* v. *Maryland,* 4 Wheat. 316, 4 L. Ed. 579.

■■ The reason that the state may not tax an instrumentality of the United States, or the national government the instruments employed by the state in carrying on its functions, is that each may administer its own affairs within its own sphere and be left free from undue interference by the other. A discussion of the question as to whether the tax here demanded would interfere with the administration of the government is not necessary for the reason that it is controlled by statute (section 5219, Revised Statutes United States; 12 U. S. C. A. § 548) and the decisions construing such statute. The Congress by such section has provided that the states may tax the real estate and the shares of stock of national banks and, under the decisions, this permission is exclusive of all others. In *Owensboro National Bank* v. *City of Owensboro,* 173 U. S. 664, 19 Sup. Ct. 537, 539, 43 L. Ed. 850, the court said:

"This section [5219], then, of the Revised Statutes is the measure of the power of a state to tax national banks, their property, or their franchises. By its unambiguous provisions the power is confined to a taxation of the shares of stock in the names of the shareholders and to an assessment of the real estate of the bank. Any state tax, therefore, which is in excess of, and not in conformity to, these requirements, is void."

See, also, *First National Bank of Albuquerque* v. *Albright,* 208 U. S. 548, 28 Sup. Ct. 349, 52 L. Ed. 614; *Chase National Bank* v. *Spokane County,* 125 Wash. 1, 215 Pac. 374; *Bank of California, N. A.,* v. *King County,* (D. C.) 16 F. Supp. 976.

■ The sales tax here claimed from the bank does not fall within any of the taxes authorized by section 5219, *supra,* to be assessed and collected from national banks and is therefore void.

At the trial the attorney general, to sustain the tax commission's contention, relied upon a decison of the Supreme Court of North Dakota in the case of *Federal Land Bank* v. *Bismarck Lumber Co.,* 70 N. D. 607, 297 N. W. 42. That case was recently reversed by the Supreme Court of the United States. *Federal Land Bank* v. *Bismarck Lumber Co.,* 62 Sup. Ct. 1, 86 L. Ed. 46. The facts were that the Federal Land Bank in the course of its operations acquired certain farming properties. To effect necessary repairs and improvements to buildings and fences, the bank purchased lumber and other building materials from the Bismarck Lumber Company, and the question arose as to whether the bank should pay a sales tax of 2% thereon as required by the laws of North Dakota. The bank refused to pay the tax claiming it was exempt therefrom under section 26 of the Federal Farm Loan Act of July 17, 1916, Chap. 245, 39 Stat. at L. 360, 380, 12 U. S. C. A. §§ 931–933. One of the differences of such section 26 and section 5219, *supra,* is that the former affirmatively exempts "every Federal land bank and every national farm loan association" from taxation (federal, state, municipal and local), whereas the latter section, by permitting the states to tax national banks in certain ways, impliedly forbids their taxation in any other way. The holding in that case was that the Federal Land Bank was an instrumentality of the government and as such exempt from paying the sales tax on purchases of materials for use in repairing and improving buildings and fences on properties acquired by it in the ordinary course of business.

Since the plaintiff is a governmental instrumentality and the tax is not permitted under section 5219, *supra,* it follows by parity of reasoning that it is exempt from paying the sales tax on rentals from the Security Building.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.