948 P.2d 499

**STATE COMPENSATION FUND, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Brian R. Hauser, a judge thereof, Respondent Judge,**

**ENERGCORP, INC., Real Party in Interest.**

**No. 1 CA–SA 97–0055.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 20, 1997.

Korn Waterman & Simon, P.C. by Diana J. Simon, Edward Moomjian, II, Tucson, for Petitioner.

Marton and Hall, P.A. by Kraig J. Marton, Phoenix, and Law Offices of Arthur J. Levine, CPCU, ARM by Arthur J. Levine, Fullerton, CA, for Real Party in Interest.

## OPINION

GRANT, Presiding Judge.

This special action arises from a civil action filed by EnerGCorp against the Arizona State Compensation Fund ("the State Fund") for bad faith and negligence in the method by which the State Fund marketed its policy, determined premiums, paid its dividends, and handled its claims. In its complaint, which did not comply with the notice-of-claim statute governing claims against public entities and was not filed within the one-year limitations period governing suits against public entities, EnerGCorp alleged the State Fund's

misconduct caused EnerGCorp to pay improperly high premiums.

The State Fund filed this special action and asks us to determine whether the State Fund is a "public entity" for purposes of the notice-of-claim statute, Arizona Revised Statutes Annotated ("A.R.S.") section 12–821.01 (Supp.1996) ("claims statute"), and the one-year statute of limitations, A.R.S. section 12–821 (Supp.1996) ("statute of limitations"). We accept jurisdiction and grant relief. We hold the State Fund is a public entity as defined in A.R.S. sections 12–821 and 12–821.01; claims against the State Fund must comply with both statutes. We remand to the trial court to enter summary judgment for the State Fund and to conduct further proceedings in accordance with this opinion.

## FACTS AND PROCEDURAL HISTORY

The State Fund is an insurance company licensed to sell workers' compensation and employers' liability insurance in Arizona to the same extent as any other licensed workers' compensation and employers' liability insurer. A.R.S. § 23–1006(A) and (B) (1995). EnerGCorp is in the home construction and refurbishing business in Arizona. EnerGCorp purchased workers' compensation and employers' liability insurance policies from the State Fund and other carriers who are named Defendants in the underlying action.

The State Fund issued a policy ("the policy") to EnerGCorp providing coverage from June 1, 1993 through May 31, 1994. In accordance with the usual method of charging premiums for workers' compensation policies, the State Fund determined final premiums on a retroactive basis. At the end of the policy period, a final audit was conducted using the actual premium (as opposed to the estimated premium paid at the policy's inception) based upon the proper classifications and rates for the business and work covered by the policy that year.

All workers' compensation insurers, including the State Fund, must report their policyholders' payroll and claims data annually to the National Council on Compensation Insurance ("NCCI"), a statistical organization licensed in Arizona and many other states. NCCI utilizes its data to calculate annual changes to insureds' premiums based on their claims experience. Such annual adjustments to premiums are called "experience modifications."

EnerGCorp alleges it has been charged excessively high premiums by the State Fund and other Defendants, insurers who have issued policies to EnerGCorp since 1990, including both premiums already paid and additional premiums for which the State Fund counterclaims. EnerGCorp alleges the excessive premiums result from the State Fund's mismanagement of claims filed by EnerGCorp's employees.

EnerGCorp filed its complaint on May 31, 1996, exactly two years after EnerGCorp's policy with the State Fund expired, and more than one year after the State Fund billed EnerGCorp for its final premium. The State Fund answered and filed a counterclaim for unpaid premiums due under the policy. On September 4, 1996, EnerGCorp filed a Motion to Dismiss the State Fund's counterclaim on the ground that the State Fund failed to exhaust its administrative remedies before seeking to recover unpaid premiums by filing a civil lawsuit. On September 12, 1996, the State Fund filed its Opposition to the Motion to Dismiss and also filed a Motion for Summary Judgment and a Motion for Partial Summary Judgment. The trial court denied EnerGCorp's Motion to Dismiss, and EnerGCorp does not contest that ruling. In its Motion for Summary Judgment, the State Fund claimed EnerGCorp's complaint was barred by both the claims statute and the statute of limitations.

The trial court denied the State Fund's Motion for Summary Judgment, finding the State Fund was not within the purview of the claims statute because A.R.S. section 23–981(C) (1995), the statute creating the State Fund, explains that the State Fund is to be administered "without liability of the state." The trial court also noted the legislature has exempted the State Fund from the operation of some statutes involving the conservation of public funds. The trial court held that the claims statute's purpose—to provide the State with notice in order to investigate

claims against itself—does not apply to claims against the State Fund because no State monies were at issue. *See* A.R.S. § 23–981(B) ("The assets of the state compensation fund consist of all premiums paid into the fund, all real and personal property, securities and all income and interest earned upon monies belonging to the fund."). Notably, the trial court did not find triable issues of fact.

In denying the State Fund's Motion for Summary Judgment, the trial court did not address the statute-of-limitations claim. As a result, the State Fund filed a motion urging the trial court to reconsider its ruling on the claims statute and arguing that the court incorrectly determined the State Fund was not a public entity for purposes of that statute. The trial court denied the motion for reconsideration of this issue without explanation. Again, the trial court did not find disputed fact issues.

The parties do not dispute that EnerGCorp failed to file a notice of claim within the 180 days prescribed by the claims statute. EnerGCorp maintains the State Fund is not a public entity and, therefore, EnerGCorp did not have to comply with either the claims statute, A.R.S. section 12–821.01 (providing that any claim against a public entity is barred if not filed with the entity within 180 days), or the statute of limitations, A.R.S. section 12–821 (the one-year statute of limitations for claims against public entities).

For reasons discussed below, we accept jurisdiction and grant relief. We have jurisdiction pursuant to Rule 4 of the Arizona Rules of Procedure for Special Action.

## ISSUE

Is the State Fund a "public entity" within the meaning of A.R.S. section 12–821.01, providing that any claim not filed within 180 days is barred, and A.R.S. section 12–821, providing for a one-year statute of limitations?

## DISCUSSION

### A. Special Action Jurisdiction

■ The decision to accept special action jurisdiction is largely discretionary.

*State ex rel. McDougall v. Superior Ct.,* 186 Ariz. 218, 219, 920 P.2d 784, 785 (App.1996). We have accepted jurisdiction in this case to determine whether the State Fund is a public entity for purposes of the claims statute and the statute of limitations because these issues of statutory interpretation have a potentially far-reaching impact upon a number of claimants and cases. Ariz. R. Proc. for Spec. Act. 1(A); *Trebesch v. Superior Ct.,* 175 Ariz. 284, 286–87, 855 P.2d 798, 800–01 (App.1993) (holding that where there is a lack of case law on the issue and the matter is one of statewide importance, special action jurisdiction is essential). In *State Compensation Fund v. Symington,* 174 Ariz. 188, 191–92, 848 P.2d 273, 276–77 (1993), for example, the Arizona Supreme Court accepted special action jurisdiction to determine whether the State workers' compensation system is subject to federal taxation. That issue was of statewide importance: it could potentially impact a majority of employers and their employees in Arizona, as well as other parties bringing claims against the State Fund.

In this case no genuine issues of material fact precluded summary judgment. Special action jurisdiction is appropriate because the trial court improperly denied summary judgment, the issues involved are of statewide importance, and the resolution of the issues will avoid undue expense and delay for both the litigants and others.

### B. The State Fund's Status as a Public Entity

■ The legislature has defined the term "public entity" in A.R.S. section 12–820(6) (1992) as "this state and any political subdivision of this state," and in A.R.S. section 12–820(7) as including "any state agency, board, commission or department." The issue in this case is whether the State Fund falls within either of these definitions.

■ Whether the State Fund is a "public entity" involves statutory interpretation and is a question of law. *Barry v. Alberty,* 173 Ariz. 387, 389, 843 P.2d 1279, 1281 (App. 1992) (holding that interpretation of a statute is a question of law). Statutory interpretation is an issue of law we review *de novo.*

*Special Fund Div. v. Industrial Comm'n,* 184 Ariz. 363, 365, 909 P.2d 430, 432 (App. 1995). Our goal in interpreting statutes is to give effect to legislative intent. *Id.* (citing *State Compensation Fund v. Nelson,* 153 Ariz. 450, 453, 737 P.2d 1088, 1091 (1987)). While the language of a statute provides the primary evidence of intent, we also infer intent from the statute's purpose. *Sellinger v. Freeway Mobile Home Sales, Inc.,* 110 Ariz. 573, 575, 521 P.2d 1119, 1121 (1974).

The legislature enacted a comprehensive statutory scheme, now codified as A.R.S. sections 23–901 to –1091 (1995), creating the State Fund to insure "employers against liability for workers' compensation, occupational disease compensation and medical, surgical and hospital benefits pursuant to the provisions of chapter 5 of this title...." A.R.S. § 23–981(A); *see 1925 Ariz. Sess. Laws Ch. 83, § 30.*

In *Symington,* the Arizona Supreme Court stated the State Fund "is exempt from federal income tax *because of its status as a state agency.*" 174 Ariz. at 190, 848 P.2d at 275 (emphasis added). EnerGCorp maintains that, under *Symington,* the State Fund is a public entity *solely* for purposes of immunity from federal taxation. The *Symington* court held an alternative minimum state tax violated Arizona's constitutional prohibition against special or local legislation relating to the assessment and collection of taxes. Ariz. Const. art. IV, pt. 2, § 19(9). The court stated:

> Although the Fund is a statutorily created state agency, it is not subject to other statutory provisions that govern state agencies. A.R.S. §§ 23–981.01(C), 23–986(E). The principal benefit enjoyed by the Fund as a "state agency" is its federal tax exempt status. We do not find this distinction a legitimate basis upon which to impose a mandatory minimum tax solely on the Fund. In all other respects the Fund is no different than the private carriers.

174 Ariz. at 194, 848 P.2d at 279.

The *Symington* court did not decide whether the State Fund was a state agency. Rather, the court accepted the parties' stipulation that it was a state agency. 174 Ariz.

at 193 n. 8, 848 P.2d at 278 n. 8. We decline to interpret *Symington* as narrowly as EnerGCorp advocates. In holding the "alternative mandatory minimum tax" unconstitutional, our supreme court relied on *O'Neil v. Valley Nat'l Bank,* 58 Ariz. 539, 541, 121 P.2d 646, 647 (1942), which held the United States cannot tax an instrumentality of the State. In its reliance on *O'Neil,* the supreme court acknowledged only that the State Fund is an instrumentality of the State. The doctrine of intergovernmental immunity provides that a state entity is constitutionally immune from federal taxation if the entity in question is an instrumentality of the State. *South Carolina v. Baker,* 485 U.S. 505, 523, 108 S.Ct. 1355, 1366, 99 L.Ed.2d 592 (1988). In determining whether an entity is "an instrumentality of the state," an important factor is whether the tax in question would burden the State economically. *Graves v. New York,* 306 U.S. 466, 485, 59 S.Ct. 595, 601, 83 L.Ed. 927 (1939). By holding the State Fund immune from federal taxation, the supreme court in *Symington* implicitly recognized that the State Fund is an instrumentality of the State. This does not mean the State Fund is necessarily also a public entity.

In 1994, when the legislature enacted A.R.S. sections 12–821 to –821.01, it did not alter the definition of "public entity" in A.R.S. sections 12–820(6) and (7). We presume that when the legislature enacted those statutes, it intended for those statutory terms to retain the judicial construction provided in *Symington. See Patton v. Mohave County,* 154 Ariz. 168, 171, 741 P.2d 301, 304 (App.1987) (holding legislature is presumed to know the meaning ascribed to statutory terms through statutory construction when it subsequently enacts statutes).

■ While A.R.S. section 23–986(E) (1995) specifically exempts the State Fund from some statutory requirements imposed on state agencies, it does not exempt the State Fund from Title 12, which contains the two statutes at issue. The provision of one exemption in a statute implicitly denies the existence of other unstated exemptions. *Estate of Tovrea v. Nolan,* 173 Ariz. 568, 573, 845 P.2d 494, 499 (App.1992); *see also State v. Roscoe,* 185 Ariz. 68, 72, 912 P.2d 1297,

1301 (1996) (The expression of one or more items of a class indicates an intent to exclude all elements of the same class which are not expressed.). Therefore, by not exempting the State Fund from the requirements of Title 12 in A.R.S. section 23–986(E), the legislature has expressed its intent that the State Fund fall within the purview of Title 12.

Indeed, the legislature's enactment of A.R.S. section 23–986(E) demonstrates the State Fund is a public entity because the legislature would not have enacted a statute expressly identifying those statutes—applicable to other state agencies but not to the State Fund—unless the legislature viewed the State Fund as a public entity. *See Vega v. Morris*, 184 Ariz. 461, 463, 910 P.2d 6, 8 (1996) (holding the legislature does not include statutory provisions that are redundant, void, inert, trivial, superfluous or contradictory); *see also Sims v. Moeur*, 41 Ariz. 486, 493, 19 P.2d 679, 681 (1933) ("The creation of the compensation law and the compensation fund therein was legislative. That department could destroy its creature if it so chose...."). Therefore, we hold the State Fund is a public entity subject to the claims statute and to the one-year statute of limitations.

We reject EnerGCorp's claim that the State Fund is not a public entity for purposes of bad faith claims by employer-policyholders. No evidence demonstrates the legislature intended to differentiate between classes of plaintiffs bringing claims against the State Fund. We have not found any indication the legislature intended to distinguish between plaintiffs when it enacted the State Fund's enabling legislation in Title 23 or Title 12. Absent such evidence, we will not infer such a legislative intent.

Furthermore, to require that some, but not all, claimants must comply with the claims statute would be inconsistent. The claims statute regulates the manner of suing public entities and is authorized by Arizona's Constitution. *See* art. IV, pt. 2, § 18 ("[t]he Legislature shall direct by law in what manner and in what court suits may be brought against the State"); *see also State v. Brooks*, 23 Ariz.App. 463, 466, 534 P.2d 271, 274 (1975) (holding the purpose of the one-year statute of limitations period is to provide the State with notice and an opportunity to investigate and assess its liability, to permit the possibility of settlement prior to litigation, and to assist in fiscal planning or budgeting). *Accord Johnson v. Superior Ct.*, 158 Ariz. 507, 763 P.2d 1382 (App.1988). The one-year statute of limitations provided EnerGCorp with a reasonable opportunity to file its complaint.

## C. EnerGCorp's Claim Is Barred

■ As discussed above, we hold the trial court erred in ruling the State Fund is not a public entity for purposes of the claims statute. Under the claims statute, no action may be maintained when a plaintiff has failed to file a timely, sufficient notice of claim, including all elements required by law, with a person authorized by the Arizona Rules of Civil Procedure to accept service for the defendant agency. *Crum v. Superior Ct.*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App. 1996). EnerGCorp did not file such a notice of claim with the State Fund. Therefore, EnerGCorp cannot proceed with its claims against the State Fund. *Id; see also Blauvelt v. Maricopa County*, 160 Ariz. 77, 770 P.2d 381 (App.1988) (Plaintiff's failure to direct a timely claim to the county board of supervisors in compliance with the statutory requirement deprived the board of the opportunity to consider prelitigation settlement, and thus plaintiff's claim was barred.).

In light of our holding that EnerGCorp's claim is barred by its failure to comply with the claims statute, we need not address EnerGCorp's argument concerning the statute of limitations. It is uncontested that the claims statute's 180–day time period has expired.

## CONCLUSION

We reverse the trial court's ruling and hold the State Fund is a public entity for purposes of both the claims statute and the

one-year statute of limitations. EnerGCorp's claim against the State Fund is time-barred because EnerGCorp did not file a timely notice of claim. We remand this case to the trial court with instructions to enter summary judgment for the State Fund and to conduct any further proceedings consistent with this opinion.

TOCI and RYAN, JJ., concur.