NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In the Matter of the Estate of:

JEANINE JONES, *Deceased*.

---

SHERRYL ANN WAGONER, as Personal Representative of the Estate of
Jeanine Jones, *Petitioner/Appellee*,

*v.*

ELISA ALEMAN, *Intervenor/Appellant*.

No. 1 CA-CV 14-0503
FILED 5-19-15

---

Appeal from the Superior Court in Mohave County
No. L8015PB201407006
The Honorable Randolph A. Bartlett, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Dana R. Stoker, Lake Havasu City
By Dana R. Stoker
*Counsel for Petitioner/Appellee*

Law Offices of Gregory A. Ring, Bullhead City
By Gregory A. Ring
*Counsel for Intervenor/Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

**¶1**　　　　Intervenor/Appellant Elisa Aleman ("Aleman") appeals the trial court's determinations that (1) Decedent Jeanine Jones' purported holographic will was not valid and (2) Aleman is not entitled to inherit from Jones under Arizona's intestacy statutes.  We affirm on both issues.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2**　　　　Aleman is Jones' natural granddaughter.  Aleman's natural mother died shortly after Aleman was born.  Aleman was legally adopted approximately six months later.  Jones reconnected with Aleman several years later, and the two remained close until Jones' death.

**¶3**　　　　On or about June 23, 2011, Jones drafted what was purported to be a "Last Will and Testament" (the "2011 Draft") on a computer.  Jones' 2011 Draft stated that Aleman was to inherit 50 percent of the proceeds from the sale of her Lake Havasu City property, with the remainder to be shared among other named beneficiaries.

**¶4**　　　　Aleman asserts she was present when Jones made handwritten revisions to the 2011 Draft in July 2012 ("2012 Draft").  These revisions reduced Aleman's share of the sale proceeds to 25 percent and bequeathed 25 percent to Aleman's adoptive sister.  Jones initialed all but one of the bequests on the first page, which remained essentially unchanged from the 2011 Draft.  The only other signature on the 2012 Draft is that of a notary public.

**¶5**　　　　Jones passed away on August 31, 2012.  Sherryl Ann Wagoner, Jones' sister, applied for unsupervised administration of Jones' estate, claiming that Jones died intestate. Wagoner later filed the 2012 Draft, but contended that it was not valid.  Aleman filed an Objection and Request for Formal Proceeding in which she argued the 2012 Draft was a valid holographic will.  Aleman also argued that, if the 2012 Draft was not valid, she was Jones' heir under Arizona's intestacy statutes.

¶6  Following an evidentiary hearing, the trial court determined that the 2012 Draft was not valid and enforceable. The court also ruled that Aleman could not inherit from Jones via intestate succession because she had been legally adopted.

¶7  Aleman timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(9). *See In re Estate of McGathy*, 226 Ariz. 277, 280, ¶ 17 (2010) (holding that appellate courts have jurisdiction over "the final disposition of each formal proceeding instituted in an unsupervised administration.").

## DISCUSSION

¶8  We are bound by the trial court's findings of fact unless they are clearly erroneous. *In re Estate of Jung*, 210 Ariz. 202, 204, ¶ 11 (App. 2005) (citing *Sabino Town & Country Estates Ass'n v. Carr*, 186 Ariz. 146, 149 (App. 1996)). We are not bound by the court's conclusions of law. *Id.* Statutory interpretation is a question of law, which we review *de novo*. *Id.* (citing *State Comp. Fund v. Superior Court*, 190 Ariz. 371, 374–75 (App. 1997)).

## I. Jones' 2012 Draft is Not Valid

¶9  The right to create a will did not exist at common law; it is a statutory right. *Id.* at 204–05, ¶ 13. As a result, failure to comply with statutory requirements may render a purported will invalid even if it accurately reflects the testator's wishes. *Id.*

¶10  Under Arizona law, to be valid, a will must be signed by at least two witnesses. A.R.S. § 14-2502(A)(3). Here, the 2012 Draft does not satisfy this requirement.

¶11  Nevertheless, Aleman argues the 2012 Draft was a valid holographic will. "A will that does not comply with § 14-2502 is valid as a holographic will, whether or not witnessed, if the signature and the material provisions are in the handwriting of the testator." A.R.S. § 14–2503. We review whether a will is a valid holographic will in the light most favorable to upholding the trial court's decision. *In re Estate of Blake*, 120 Ariz. 552, 553 (App. 1978). "And each case must rest on its own facts, since wills are almost invariably dissimilar in language." *In re Estate of Harris*, 38 Ariz. 1, 6 (1931). To be valid, the handwritten language of a holographic will must demonstrate testamentary intent. *In re Estate of Johnson,* 129 Ariz. 307, 309 (App. 1981).

¶12 Here, Jones did not handwrite the material provisions of the 2012 Draft; she drafted them on a computer. In addition, the few handwritten revisions Jones made to those provisions do not clearly indicate testamentary intent. Indeed, Aleman concedes as much when she argues that Jones' handwritten changes merely "reaffirmed [Jones'] intent as appearing in the typewritten portion of the document."

¶13 Aleman nonetheless argues that the 2012 Draft is valid under *In re Estate of Muder*, 159 Ariz. 173 (1988). There, a testator handwrote all of his bequests on a preprinted will form, then signed it. *Id*. at 174. Our supreme court found that the document was a valid holographic will even though the testator relied in part on preprinted language:

> We believe that our legislature, in enacting the present statute, A.R.S. § 14–2503, intended to allow printed portions of the will form to be incorporated into the handwritten portion of the holographic will *as long as the testamentary intent of the testator is clear and the protection afforded by requiring the material provisions be in the testator's handwriting is present*.

*Id*. at 176 (emphasis added).

¶14 Unlike the testator in *Muder*, Jones did not use a preprinted will form, and did not handwrite all of her bequests. The only material provision that appears entirely in Jones' handwriting is her bequest to Aleman's adopted sister. Accordingly, the trial court properly determined that the 2012 Draft was invalid.

## II. Aleman Cannot Inherit from Jones under A.R.S. § 14-2103

¶15 Because the 2012 Draft is not valid, the trial court correctly found that Jones died intestate. Aleman argues, however, that she may inherit intestate as Jones' natural granddaughter under A.R.S. § 14-2103(1). We disagree.

¶16 Aleman is the child of her adoptive parents for intestate inheritance purposes. A.R.S. § 14-2114(B); *In re Estate of Blacksill*, 124 Ariz. 130, 133 (App. 1979). Aleman's adoption severed all legal relationships with her natural parents, including her right of inheritance. A.R.S. § 8-117(B); *Edonna v. Heckman*, 227 Ariz. 108, 110–11, ¶ 14 (App. 2011). Thus, Aleman cannot inherit from Jones under the intestacy statutes.

¶17 Aleman also argues that her close relationship with Jones entitles her to inherit under A.R.S. § 14-2114(C). However, A.R.S. § 14-

2114(C) does not apply where, as here, an adopted child seeks to inherit through a natural parent. *See* A.R.S. § 14-2114(C) (precluding a natural parent from inheriting from or through a child who was adopted "unless that natural parent has openly treated the child as a natural child and has not refused to support the child.").

## CONCLUSION

¶18          For the foregoing reasons, we affirm the trial court's order.

