IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ARIZONA ELECTRIC POWER COOPERATIVE, INC., *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF REVENUE, *Defendant/Appellee*.

No. 1 CA-TX 16-0004
FILED 3-28-2017

Appeal from the Arizona Tax Court
No. TX2014-000458
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Daniel T. Garrett, LLC, Woodruff
By Daniel T. Garrett
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Macaen F. Mahoney, Kenneth J. Love
*Counsel for Defendant/Appellee*

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which
Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

**¶1**   Arizona Electric Power Cooperative, Inc. ("AEPCO") appeals the tax court's summary judgment in favor of the Arizona Department of Revenue ("the Department"). Because AEPCO's purchases of coal and natural gas are subject to use tax, we affirm the judgment of the tax court.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**   AEPCO, a non-profit Arizona cooperative corporation, owns and operates the Apache Generating Station, an electric generation facility in Cochise County. AEPCO sells most of the electricity it produces to cooperative members, and sells the remainder to the general electricity market.

**¶3**   To generate electricity, AEPCO uses coal and natural gas, most of which AEPCO purchases from out-of-state suppliers, who are not subject to Arizona's transaction privilege tax. AEPCO originally paid use tax on those purchases, but later filed two refund claims with the Department, requesting a refund of use tax paid between 2003 and 2010.[1] The Department denied both claims. After an unsuccessful protest before the Office of Administrative Hearings, AEPCO appealed the Department's final order to the tax court pursuant to Arizona Revised Statutes ("A.R.S.") section 42-1254(C) (2013).[2]

**¶4**   In the tax court, the parties filed cross-motions for summary judgment. The tax court granted the Department's motion and denied AEPCO's cross-motion, determining that AEPCO's purchases of coal and natural gas were subject to use tax. After entry of final judgment in favor of the Department, AEPCO timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.04(G) (2016), -120.21(A)(1) (2016), and -170(C) (2016).

---

[1]  The first claim sought a refund of $4,199,440.88 for tax paid between August 2003 and July 2007. The second claim sought a refund of $3,089,540.09 for tax paid between June 2007 and June 2010.

[2]  We cite the current version of all statutes because no revisions material to this decision have occurred since the applicable time period.

**STANDARD OF REVIEW**

**¶5**   This court reviews *de novo* the tax court's grant of summary judgment and its interpretation of relevant statutes. *See CCI Europe, Inc. v. Ariz. Dep't of Revenue*, 237 Ariz. 50, 52, ¶ 7, 344 P.3d 352, 354 (App. 2015). Although we liberally construe statutes imposing taxes in favor of taxpayers, we strictly construe tax exemptions, given the general policy that all taxpayers should share the common burden of taxation. *State ex rel. Ariz. Dep't of Revenue v. Capitol Castings, Inc.*, 207 Ariz. 445, 447, ¶ 10, 88 P.3d 159, 161 (2004). We apply these standards to determine whether AEPCO's purchases of coal and natural gas from out-of-state vendors are subject to Arizona's use tax.

**ANALYSIS**

> I.  *AEPCO's Purchases of Coal and Natural Gas Are Within the Scope of A.R.S. § 42-5155*

**¶6**   AEPCO first argues that its purchases of coal and natural gas fall "outside the scope of the Arizona use tax as nontaxable purchases for resale."

**¶7**   Arizona law imposes a use tax "on the storage, use or consumption in this state of tangible personal property purchased from a retailer or utility business." A.R.S. § 42-5155(A) (Supp. 2015). "Tangible personal property" is defined as "personal property which may be seen, weighed, measured, felt or touched or is in any other manner perceptible to the senses." A.R.S. § 42-5001(17) (Supp. 2015). In contrast to the transaction privilege tax, which is imposed on transactions consummated within Arizona, a use tax is designed to reach out-of-state sales of tangible personal property to Arizona purchasers. *Qwest Dex, Inc. v. Ariz. Dep't of Revenue*, 210 Ariz. 223, 225, ¶ 12, 109 P.3d 118, 120 (App. 2005) (citing *People of Faith Inc. v. Ariz. Dep't of Revenue*, 161 Ariz. 514, 519, 779 P.2d 829, 834 (Tax Ct. 1989); Nathaniel T. Trelease & Andrew W. Swain, *The Law's Long Arm: The Taxation of Electronic Commerce*, Ariz. Att'y, June 2002, at 20). The use tax statutes create a presumption that property purchased out-of-state and brought into Arizona is intended for storage, use, or consumption within the state, *see* A.R.S. § 42-5152 (2013), and the taxpayer has the burden of rebutting that presumption.

**¶8**   The Arizona Legislature has defined the term "use or consumption" as "the exercise of any right or power over tangible personal property incidental to owning the property *except holding for sale or selling the property in the regular course of business*." A.R.S. § 42-5151(22) (Supp.

2015) (emphasis added). Pursuant to § 42-5151(22), tangible personal property purchased for resale is not subject to use tax. *See Motorola, Inc. v. Ariz. Dep't of Revenue*, 196 Ariz. 137, 138, ¶ 4, 993 P.2d 1101, 1102 (App. 1999) ("The tax does not extend to items for sale.").

¶9         Applying this definition, AEPCO argues that its purchases of coal and natural gas are for resale and, therefore, fall outside the scope of the use tax. In support of its position, AEPCO offered expert testimony, which explained as follows:

> Electric generation facilities do not produce, create or make electricity out of nothing. Electric generation facilities purchase coal and natural gas for the chemical energy that is in the coal and natural gas. Electric generation facilities convert the chemical energy in the coal and natural gas into electrical energy (electricity) for resale.

The Department's expert disagreed, contending that "[h]eat engines in a power plant (gas turbines and/or steam turbines) consume fuel (natural gas or coal) by combusting that fuel with air."

¶10        The parties' experts agreed that the generation of electricity involves a multi-step process that begins with the combustion of fuel. In gas turbines, the combustion produces an exhaust stream that rotates a power turbine, which in turn causes the generator to rotate. In steam turbines, the combustion produces steam that rotates a steam turbine, which in turn causes the generator to rotate. The experts also agreed that "[i]n both cases the rotating generators transform mechanical energy into electromagnetic energy, then into electrical energy, which finally drives the flow of electric charge (i.e. electric current, electricity)."[3]

¶11        Because the language of § 42-5155 is plain and unambiguous, we "apply the language used." *City of Mesa v. Killingsworth*, 96 Ariz. 290, 294, 394 P.2d 410, 412 (1964). Pursuant to § 42-5155, any person storing, using, or consuming tangible personal property purchased out-of-state is liable for use tax. *See* A.R.S. § 42-5155(E); *Qwest Dex*, 210 Ariz. at 225, ¶ 12, 109 P.3d at 120. AEPCO clearly uses and consumes coal and natural gas to generate electricity. Accordingly, because the fuel is purchased from

---

[3]       AEPCO's plant consists of four gas-fired combustion turbines, one gas-fired steam boiler electric generator, and two coal/gas-fired steam electric power generators.

out-of-state vendors, AEPCO is liable for Arizona use tax. *See Qwest Dex*, 210 Ariz. at 225-26, ¶ 12, 109 P.3d at 120-21.

¶12        AEPCO has failed to rebut the statutory presumption or otherwise demonstrate that its fuel purchases fall outside the scope of the tax. *See* A.R.S. § 42-5152. AEPCO's expert's testimony does not adequately explain how AEPCO "holds" coal and natural gas for sale or for selling in the regular course of business. *See* A.R.S. § 42-5151(22). To the contrary, the evidence reflects that AEPCO uses and consumes the fuel in the process of generating electricity. *See Farrand Coal Co. v. Halpin*, 140 N.E.2d 698, 701 (Ill. 1957) (explaining that "[i]t is difficult to perceive how there could be a more complete use or consumption of the coal" than by burning or combustion). AEPCO's expert admitted that, at the end of the electric generation process, the coal and natural gas no longer have the same "chemical composition" they had at the beginning of the process. He also agreed that no part of the mass of coal or natural gas becomes part of the electricity. Rather, the fuels are combusted at the beginning of the generation process.

¶13        Accordingly, we conclude that AEPCO's out-of-state purchases of coal and natural gas are subject to Arizona use tax.

> II.        *AEPCO's Purchases of Coal and Natural Gas Are Not Exempt Under A.R.S. § 42-5159*

¶14        Alternatively, AEPCO argues that its purchases of coal and natural gas are exempt from use tax pursuant to A.R.S. § 42-5159(A)(4) (Supp. 2015), which exempts from use tax all "[t]angible personal property *that directly enters into and becomes an ingredient or component part of* any manufactured, fabricated or processed article, substance or commodity for sale in the regular course of business." (Emphasis added.) Applying § 42-5159(A)(4), AEPCO argues that "the coal and natural gas, or a part thereof, . . . directly enters into and becomes an ingredient or component part of the electricity generated by AEPCO."

¶15        Under the Department's use tax regulations, "[t]he sale of fuel used or consumed in a manufacturing process is taxable," and "[t]he fuel is not considered to be incorporated into the manufactured product." Ariz. Admin. Code R15-5-121; *see also Harris Corp. v. Ariz. Dep't of Revenue*, 233 Ariz. 377, 383, ¶ 21, 312 P.3d 1143, 1149 (App. 2013) (recognizing that, "[a]lthough not binding, the Department's regulations are entitled to considerable weight"). The same reasoning that applies to fuels consumed in manufacturing also applies to fuels consumed in electric generation. At

AEPCO's plant, the coal and natural gas are combusted to rotate the gas or steam turbines. The fuels are consumed in the process of generating electricity. They do not directly enter into or become an ingredient or component part of the electricity as required by § 42-5159(A)(4).

¶16        Our conclusion is consistent with a decision by the California Court of Appeal in *Searles Valley Minerals Operations, Inc. v. State Board of Equalization*, 72 Cal. Rptr. 3d 857 (Cal. Ct. App. 2008). In *Searles*, the court held that coal purchased out-of-state and used in California to generate electricity was subject to use tax.[4] 72 Cal. Rptr. 3d at 866. The court reasoned that "the uncontroverted evidence at trial establishes that the coal's physical mass is combusted, and thus destroyed, in creating the heat necessary to make the steam and that no component of that mass becomes part of the electricity that the Taxpayers generate." *Id.* at 865. The court also concluded that "none of the coal's physical mass ends up as a component of the electricity." *Id.* The same is true here.

¶17        Moreover, as the Department points out, § 42-5159 reflects the Arizona Legislature's willingness to expressly exempt fuels from taxation in specific situations. *See, e.g.*, A.R.S. § 42-5159(A)(31) (exempting coal and natural gas "directly used or consumed in the generation or provision of on-site power or energy solely for environmental technology manufacturing, producing or processing or environmental protection"); -(42) (exempting alternative fuels purchased by a used oil fuel burner); -(45) (exempting gas used or consumed for the sole purpose of fueling compressor equipment that pressurizes a pipeline). "The provision of one exemption in a statute implicitly denies the existence of other unstated exemptions." *State Comp. Fund v. Superior Court (EnerGCorp, Inc.)*, 190 Ariz. 371, 375-76, 948 P.2d 499, 503-04 (App. 1997) (citing *Estate of Tovrea v. Nolan*, 173 Ariz. 568, 573, 845 P.2d 494, 499 (App. 1992); *State v. Roscoe*, 185 Ariz. 68, 72, 912 P.2d 1297, 1301 (1996)).

¶18        Accordingly, we determine that AEPCO's purchases of coal and natural gas are not exempt from use tax under § 42-5159(A)(4).

---

4        The use tax statutes of Arizona and California are similar. *Compare* A.R.S. § 42-5155(A) (imposing a tax "on the storage, use or consumption in this state of tangible personal property purchased from a retailer"), *and* A.R.S. § 42-5151(22) (defining the term "use or consumption"), *with* Cal. Rev. & Tax. Code § 6201 (imposing a tax "on the storage, use, or other consumption in this state of tangible personal property purchased from any retailer"), *and* Cal. Rev. & Tax. Code § 6009 (defining the word "use").

**CONCLUSION**

**¶19** For the foregoing reasons, we affirm the judgment of the tax court, holding that AEPCO's purchases of coal and natural gas from out-of-state vendors are subject to use tax. We award the Department its costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA