**M.G.M. CONSTRUCTION COMPANY, a California Corporation, Plaintiff,**

v.

**ALAMEDA COUNTY, et al., Defendants.**

No. C–83–6049 EFL.

United States District Court, N.D. California.

March 29, 1985.

Thomas J. Madden, Kaye, Scholer, Fierman, Hayes & Handler, Washington, D.C., Charles R. Breyer, Coblentz, Cahen, McCage & Breyer, San Francisco, Cal., for plaintiff.

Timothy J. Murphy, Crosby, Heafey, Roach & May, Oakland, Cal., for defendants.

## ORDER RE SUMMARY JUDGMENT

LYNCH, District Judge.

This action involves a challenge to an affirmative action program adopted by Alameda County which requires that bidders for public contracts make a good-faith effort to achieve ten percent participation in their bids by minority subcontractors (See "Affirmative Action Plan for Minority-Owned Businesses," Alameda County Resolution 16966, attached as Exhibit H to the Joint Statement of Material Facts). Plaintiff MGM Construction Company submitted the lowest bid to construct the Dougherty Reservoir and Pipeline Project. The total dollar amount of work to be performed by minority subcontractors comprised less than one percent of the plaintiff's bid. After the bid was submitted, the plaintiff was notified by the the Alameda County Public Works Agency, which has responsibility for soliciting bids on public construction projects, that there was a question as to whether the plaintiff had complied with the good-faith requirement imposed by the County's affirmative action program and included in the bid specifications for this project. The plaintiff's representative, Mr. Lowe, was invited to appear before the Alameda County Flood Control and Water Conservation District's Board of Supervisors to present evidence, which he did, to contest the Agency's recommendation that the Board accept the bid of Underground Construction Company. Underground submitted the second-lowest bid on the project, which included thirteen percent minority subcontractor participation. At its meeting on July 26, 1984, the Board rejected the plaintiff's bid as nonresponsive to the affirmative action requirement and accepted the bid of Underground. Although the Board apparently considered the evidence presented by the plaintiff, it declined to amend its resolution awarding the contract to the next-lowest bidder.

The plaintiff challenges the affirmative action program on federal and state grounds. The First, Second, and Fifth causes of action state equal protection and due process claims under 42 U.S.C. sections 1981 and 1983. The Fourth and Six causes of action assert pendent state claims for an alleged violation of California Public Contract Code section 20128 (formerly California Government Code section 900.4) and for alleged denial of equal protection and due process rights. The complaint requests declaratory relief and damages. The parties have filed cross-motions for summary judgment as to all causes of action.

■ In addressing the motions for summary judgment, the Court deems it prudent to consider the state law claims first, since that course may render it unnecessary to reach the federal constitutional issues. See Schmidt v. Oakland Unified School District, 457 U.S. 594, 102 S.Ct. 2612, 73 L.Ed.2d 245 (1982). The plaintiff claims that the District's affirmative action program violates California Public Contract Code section 20128, which instructs local government entities to award public contracts to the "lowest responsible bidder." The California Supreme Court has construed section 20128 to require that public contracts be "awarded to the lowest responsible bidder unless it is found that he is not responsible, i.e., not qualified to do the particular work under consideration." Inglewood-Los Angeles County Civic Center Authority v. Superior Court, 7 Cal.3d 861, 867, 103 Cal.Rptr. 689, 500 P.2d 601 (1972). Relying on Inglewood, the Ninth Circuit held invalid a virtually identical provision in the state code, Cal.Education Code § 39640, to prohibit school boards from denying construction contracts to the lowest bidder solely because that bidder did not meet a school board requirement to utilize a certain percentage of minority-owned firms in performing the contract. Assoc. General Contractors of Calif. v. San Francisco Unified School District, 616 F.2d 1381, 1385 (9th Cir.), cert. denied, 449 U.S. 1061, 101 S.Ct. 783, 66 L.Ed.2d 603 (1980). Under the decisions cited above, this Court has no difficulty concluding that

the action of the Board in denying the Dougherty Reservoir contract to the plaintiff violated state law. Moreover, to the extent the County's affirmative action program purports to authorize the rejection of low bids on the basis of the bidder's failure to comply with the ten percent goal for minority subcontractor participation, the program is illegal under California Public Contract Code section 20128.

█ The defendants do not attempt to argue this state law claim on the merits. Instead the defendants contend that the plaintiff's claim is barred because of the plaintiff's failure to comply with California's "notice of claim" statute, which precludes a suit from being brought against a public entity unless the litigant has first presented his claim to the public entity for administrative resolution. Cal.Government Code §§ 945.4, 950.2. It is conceded that no formal claim was presented in this case. However, the plaintiff offers a number of reasons for why the notice of claims requirement should not serve to bar the present action.

█ In particular, the Court is persuaded by the plaintiff's argument that the notice of claims provision should not apply to this suit since the primary relief sought is a declaration that the County's affirmative action program violates state law. The notice of claims statute applies only to claims "for money or damages." Cal. Government Code § 905. It does not apply to actions brought primarily for declaratory or injunctive relief, even though incidental money damages are sought. *Snipes v. City of Bakersfield,* 145 Cal.App.3d 861, 193 Cal.Rptr. 760 (1983); Van Alstyne, *California Government Tort Liability Practice,* § 5.23 (1980). In this case, the damages available to the plaintiff from the unlawful denial of the Dougherty Reservoir contract are relatively small. The plaintiff is only entitled to recover the expenses incurred in the preparation and submission of its bid. *Swinerton & Wallberg Co. v. City of Inglewood-Los Angeles Civic Center Authority,* 40 Cal.App.3d 98, 105, 114 Cal.Rptr. 834 (1974). The more significant relief sought here is a declaration that the defendants' rule regarding minority business participation may no longer be used to deny public contracts to the plaintiff and other potential bidders. None of the recognized purposes of the notice of claims statute are implicated by a suit in which a formal policy of the locality must be declared illegal in order for the plaintiff to prevail. The Court therefore declines to hold that plaintiff's state law claim is barred.

Summary judgment is hereby granted in favor of the plaintiff. Declaratory relief shall be as set forth above. The plaintiff is also entitled to collect damages from the defendants in an amount not to exceed the expenses incurred by the plaintiff in its bid preparation and submission.

The Court assumes the parties can reach an agreement on the amount of damages in light of this Order. Final judgment will be entered in this case 60 days hence, unless the parties require further intervention by the Court.

IT IS SO ORDERED.