764 P.2d 20

**ARIZONA TELCO FEDERAL CREDIT UNION, Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE, an Agency of the State of Arizona; and J. Elliott Hibbs, its Director; Maricopa County, a political subdivision of the State of Arizona; Maricopa County Assessor, an elected official of Maricopa County; Maricopa County Treasurer, an elected official of Maricopa County; Maricopa County Board of Supervisors, elected officials of Maricopa County, Defendants/Appellees.**

No. 2 CA–CV 88–0099.

Court of Appeals of Arizona, Division 2, Department B.

April 19, 1988.

Reconsideration Denied June 1, 1988.

Review Denied Nov. 22, 1988.*

participate in the determination of this matter.

Fennemore Craig by Paul J. Mooney and Jim L. Wright, Phoenix, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen., by Michael G. Prost and Tom Collins, Maricopa County Atty. by Sandor Shuch, Phoenix, for defendants/appellees.

## OPINION

ROLL, Judge.

Plaintiff/appellant Arizona Telco Federal Credit Union (Telco) appeals from the trial court's granting of a motion to dismiss filed by defendants/appellees Arizona Department of Revenue (the Department) and various officials of Maricopa County. Telco had sought a refund for certain property taxes paid for the tax years 1983–1985 as a result of an assessment error by the Department and Maricopa County. For the reasons set forth below, we vacate the order of the trial court dismissing Telco's complaint and remand for further proceedings consistent with this opinion.

## FACTS

Telco is a non-profit credit union situated in Phoenix, Arizona. Various classes of property have been established by the legislature for taxation purposes. A.R.S. § 42–162. For the tax years 1983–1986, the property of Telco was classified as Class 3 property.[1] Class 3 property is real or personal property devoted to commercial or industrial use. During 1986, Telco representatives became aware of the fact that other credit unions were being taxed as Class 4 property.[2] Class 4 property encompasses property used for agricultural purposes and is also a residual or catch-all category.

Designation of property as Class 3 results in assessment at 25% of its value, while property designated as Class 4 is assessed at 16% of its value. Accordingly, the classification assigned to specific prop-

---

1. A.R.S. § 42–162(A)(3) defined Class 3 property as follows:

   3. Class three:

   [A]ll real and personal property devoted to any commercial or industrial use other than property included in class one, two, four, five(b), five(c), six, or seven.

2. A.R.S. § 42–162(A)(4)(a) defined Class 4 property as follows:

   4. Class four:

   (a) All real property and improvements to such property, if any, used for agricultural purposes, and all other real property and the improvements to such property, if any, not included in class one, two, three, five, or six.

erty has very significant taxation consequences. *Central Citrus Co. v. Arizona Dept. of Revenue,* 157 Ariz. 562, 564–65, 760 P.2d 562, 564–65 (Ct.App. 1988).

Telco obtained a photocopy of a February 24, 1971, letter from an official of the Department to the Chief Appraiser for Maricopa County. This letter stated:

> Credit Unions should be assessed at 16% of full cash value. They are in the category of non-profit fraternal organizations, member-owned private country clubs and should be handled in a like manner.

In 1986, Telco filed a petition with the Maricopa County Assessor challenging the valuation of the property. Pursuant to A.R.S. § 42–221(E), the assessor acknowledged the erroneous classification and the Department concurred. Telco's property was reclassified as Class 4 property. Telco's petition also requested an adjustment for the years 1983, 1984, and 1985 because Telco's property had been classified as Class 3 property and Class 3 rates had been paid for each of those three years. Maricopa County officials declined to act upon Telco's request. Because Telco believed that a three-year statute of limitations on Telco's claim for tax relief relating to 1983 was about to expire, Telco filed a special action.

## PROCEDURAL HISTORY

Telco filed a special action seeking to compel Maricopa County and the Department to refund the taxes paid pursuant to the erroneous classification of its properties for the tax years 1983, 1984, and 1985. Maricopa County responded and filed a motion for summary judgment, or, in the alternative, motion to dismiss. Thereafter, the trial court dismissed Telco's complaint, concluding that mandamus relief was unavailable to Telco and that Telco had failed to timely pursue remedies available through A.R.S. §§ 42–176, 42–245, and 42–246.

## ISSUES ON APPEAL

On appeal, Telco argues that (1) the trial court has subject matter jurisdiction; and (2) Maricopa County cannot prevent a taxpayer from obtaining relief pursuant to A.R.S. §§ 11–505 or –506 by arbitrarily refusing to acknowledge that an error in assessment has occurred.

## SUBJECT MATTER JURISDICTION

■ The trial court concluded that it lacked subject matter jurisdiction. The trial court based this conclusion on its determination that only A.R.S. §§ 42–176, 42–245, and 42–246 authorize judicial remedies for property tax relief. Each of these statutes requires that suit be filed by November 1 of the particular tax year for which relief is sought. The trial court reasoned that these statutory remedies are exclusive and, because Telco did not seek relief by November 1 of 1983–1985, respectively, concluded that Telco's requested relief was barred as untimely.

A.R.S. §§ 42–176, 42–245, and 42–246 govern appeals from valuation and classification determinations of the county assessor or the board of tax appeals. The matter before us does not involve such an appeal. Telco does not assert that the county assessor or the board of tax appeals considered and refused to grant a more favorable property tax classification. Telco argues that it has satisfied the requirements of A.R.S. §§ 11–505 and –506, and complied with Title 42, and that Maricopa County has nevertheless declined to grant relief. A.R.S. §§ 11–505 and –506 provide a vehicle for taxpayer relief from overpayment of property taxes when both the county and the Department concur that overpayment has been made.

The Department and Maricopa County also argue that A.R.S. § 42–204(B) is a bar to Telco's claim for relief. That provision states:

> B. *No injunction, writ of mandamus or other extraordinary writ shall issue* in any action or proceeding in any court against the state or an officer thereof, or against any county, municipality or officer thereof, *to prevent or enjoin the extending upon the tax roll of any assessment made for tax pur-*

*poses, or the collection of any tax imposed or levied.* (Emphasis added.)

We do not believe that A.R.S. § 42–204(B) bars Telco's action. Telco's request for a refund does not seek the issuance of a writ of mandamus "to prevent or enjoin the extending upon the tax roll of any assessment made for tax purposes, or the collection of any tax imposed or levied." The taxes for which Telco seeks a refund have already been paid.

The trial court has subject matter jurisdiction.

### COUNTY CLAIMS STATUTE

■ Maricopa County and the Department argue that Telco failed to comply with the county claims statute, A.R.S. § 11–622, and is precluded from maintaining the instant action. Assuming arguendo that § 11–622 applies to this type of claim,[3] we believe Telco complied with the requirements. The purposes of the county claims statute are to prevent the county's revenue from being consumed in unnecessary litigation by providing an opportunity for the county to discharge or adjust the claimed obligation before defending a costly lawsuit, to give the county prompt notice of the claim, to allow the board of supervisors to investigate while the evidence of the claim is fresh, and to prevent unscrupulous public officials from depleting the public treasury. *Norcor of America v. Southern Arizona International Livestock Assoc.,* 122 Ariz. 542, 543, 596 P.2d 377, 378 (App. 1979).

The main purpose of the claims statute is to provide notice. The legislature clearly intended that a county have notice of its legitimate debts within a short time after those debts become due. Telco's petition to the county assessor gave the county notice of the claim and an opportunity to adjust or discharge the claim. *Cf. Fleming v. Pima County,* 141 Ariz. 149, 152, 685 P.2d 1301, 1304 (1984).

Maricopa County and the Department contend that Telco's claim must also have been submitted to the county treasurer in order to comply with the claims statute. In a similar context involving the state claims statute, A.R.S. § 12–821, Division One of this court held that notice of a claim to the governor, the attorney general, and the corporation commission was sufficient under the statute even though the proper party to receive notice was the Department of Transportation. *Ames v. State,* 143 Ariz. 548, 551, 694 P.2d 836, 839 (App. 1985). The reasoning in *Ames* is applicable here. It is the county and not a particular officer or agency which is the real party in interest. The county had ample opportunity, under the facts of this case, to investigate and determine whether to pay the requested refund.

A.R.S. § 11–622, if it applies, was satisfied in this case.

Appellees next contend that § 11–506 also required that a claim have been made to the county treasurer and they argue that because Telco did not make such a claim, it is barred from maintaining its lawsuit. We do not read § 11–506 to require a separate claim and we believe the filing of the lawsuit and service upon the proper parties, including the treasurer, constituted a sufficient claim under § 11–506.

We find Telco satisfied the notice requirements of § 11–506 in this case.

### MANDAMUS RELIEF

■ The Department and Maricopa County argue that mandamus relief is unavailable because A.R.S. § 11–505(A) is discretionary. A.R.S. § 11–505 provides that the board of supervisors may authorize the county treasurer to refund to any taxpayer overpayments of property taxes, provided a claim for the refund is made by the taxpayer within three years from the date of the overpayment.[4] The companion statute,

---

**3.** *See Kipnis v. Maricopa County,* 10 Ariz.App. 174, 175, 457 P.2d 714, 715 (1969), *vacated on other grounds;* 105 Ariz. 572, 468 P.2d 931 (1970); *Arizona Eastern Railroad Co. v. Graham County,* 20 Ariz. 257, 179 P. 959 (1919).

**4.** A.R.S. § 11–505 provides:
　**§ 11–505. Refund of overpayments and duplicate tax payments.**
　A. The board of supervisors, subject to the prior approval of the department of revenue,

however, is not discretionary. A.R.S. § 11–506 provides that once the Department verifies that an erroneous assessment was made resulting in overpayment of property taxes, the board of supervisors shall direct the county treasurer to grant a refund, provided the taxpayer submits a claim to the county treasurer within three years after payment of the tax.[5] Accordingly, when the requirements of A.R.S. § 11–506 have been met, discretion no longer exists. Regarding these statutes, the Arizona Attorney General has stated:

> [R]egardless of whether the overpayment is considered to be due to a billing error or mistaken assessment, we think that both A.R.S. §§ 11–505 and 11–506 are remedial in nature and that the Legislature intended to provide a mechanism whereby taxes which the county, the state, and the taxpayer all agree were erroneously collected, can be refunded. (Footnote omitted.)

Ariz.Atty.Gen.Op. I80–144 (1980). A.R.S. §§ 11–505 and –506 were clearly designed to govern situations such as that presented in this case.

Maricopa County and the Department also argue that mandamus relief is unavailable to Telco because Telco had an equally plain, speedy, and adequate remedy by appeal. Rule 1, Ariz.R.P.Spec. Actions, 17A A.R.S. Once again, we disagree. Under this interpretation, Telco would have been required to seek such relief in the tax year in which the incorrect assessment occurred. Telco was not aware of the incorrect assessment until 1986. By that time, it was too late to seek Title 42 relief for assessments during the tax years of 1983, 1984, and 1985.

Although the trial court stated in its findings that Telco had knowledge of the classification of its property as Class 3 property during each of the respective tax years in question, knowledge of the classification must be distinguished from knowledge that the classification was erroneous under the Department's guidelines. No waiver occurred by virtue of Telco's failure to act during 1983, 1984, or 1985, because Telco was not then aware that the classification was erroneous. *American Continental Life Ins. Co. v. Ranier Construction Co., Inc.*, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980); *Northern Ariz. Gas Service, Inc. v. Petrolane Transport, Inc.*, 145 Ariz. 467, 476, 702 P.2d 696, 705 (App. 1984).

Telco argues that Maricopa County and the Department cannot arbitrarily refuse to grant refunds pursuant to A.R.S. § 11–506 when it is clear that an error in classification has occurred. The Department cannot arbitrarily subject one business to a particular assessment scheme while affording other similarly situated businesses a more advantageous scheme. *Gosnell Development Corp. v. Arizona Department of Revenue*, 154 Ariz. 539, 744 P.2d 451 (App. 1987). As this court recently stated in *Pittsburgh & Midway Coal Mining Co. v. Arizona Department of Revenue*, 156 Ariz. 568, 572, 754 P.2d 295, 299 (App. 1987), "the assertion by the Department of the right to retain property to which under law it is not entitled is breathtaking."

In the matter before us, it is undisputed that: (1) guidelines of the Department provide that credit unions are entitled to a Class 4 classification; (2) between 1983 and

---

may authorize the county treasurer to refund to any taxpayer or his agent, any overpayments of real or personal property taxes resulting from an error in billing such taxes or any duplicate payments of real or personal property taxes provided a claim for such refund is made by the taxpayer or his agent within three years from the date of such duplicate payment or overpayment.

5. A.R.S. § 11–506 provides:
**§ 11–506. Refund for erroneous assessments after payment of tax.**
If all, or a part of a property tax has been paid on an erroneous assessment after such assessment is verified by the property and special tax division of the department of revenue, the county board of supervisors shall direct the county treasurer to grant a refund to the taxpayer, to the extent of the tax paid pursuant to such erroneous assessment after correcting the tax roll, provided the taxpayer submits a claim therefore to the county treasurer within three years after the payment of such tax. Such claim shall be processed in the same manner and subject to the provisions as provided in § 11–505.

1986, Telco's property received a Class 3 classification, which resulted in a substantially higher assessment; (3) Telco learned of the mistaken classification and promptly sought relief pursuant to A.R.S. § 42–221(E); (4) as a result of Telco's challenge to the 1986 classification, both Maricopa County and the Department conceded that the more beneficial classification of Class 4 was appropriate, and changed Telco's classification accordingly; and (5) for tax years 1986 and 1987, Telco received a Class 4 classification.

It is difficult to discern how Maricopa County and the Department can maintain, in view of the above-outlined facts, that Telco is not entitled to a refund for their overpayment for the years 1983 through 1985.

On these facts, we believe that the trial court has jurisdiction to consider Telco's complaint and that the granting of defendant's motion to dismiss was inappropriate. We remand this matter to the trial court for further proceedings consistent with this opinion.

LIVERMORE, P.J., and FERNANDEZ, J., concur.