770 P.2d 381

**Ronald A. BLAUVELT,
Plaintiff–Appellant,**

v.

**COUNTY OF MARICOPA,
Defendant–Appellee.**

No. 1 CA–CIV 88–036.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 29, 1988.

Review Denied April 11, 1989.

Steven T. Augenstein, Mesa, for plaintiff-appellant.

Tom Collins, Maricopa County Atty. by Louis Barry Gorman, Deputy County Atty., Phoenix, for defendant-appellee.

## OPINION

GRANT, Chief Judge.

The trial court dismissed Ronald Blauvelt's complaint because he failed to properly notify defendant Maricopa County of his claim and to properly serve the complaint on the county. Blauvelt appeals.

We affirm the trial court's dismissal, but write to clarify the procedure an injured party must follow to properly submit a claim to, and later file a lawsuit against, a local governmental entity.

Blauvelt was arrested on October 5, 1985,[1] for violating an order of protection issued by the East Mesa justice of the peace. The order of protection, however, had been quashed more than four months earlier on June 10, 1985.

Blauvelt sent a letter dated October 7, 1985, to the Maricopa County attorney's office asking for the appropriate person to contact him regarding a possible settlement of his damages from the mistaken arrest. The office apparently responded with a letter suggesting that Blauvelt contact the county's Risk Management Department. It is unclear, however, whether Blauvelt received any other information on how to proceed with his claim.

On July 31, 1986, Blauvelt formally notified the Maricopa County attorney's office by letter, as required by A.R.S. § 12–821(A), that the letter constituted a claim against the county for $10,000 in damages and expungement of the arrest record. A.R.S. § 12–821(A) requires, in part, that

> [p]ersons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues.

Rule 4(d)(8) directs that a summons and complaint shall be served upon a county, municipal corporation or other state governmental subdivision by delivering a copy of the summons and complaint to the "chief executive officer, the secretary, clerk, or recording officer thereof." Therefore, the pre-lawsuit claim under A.R.S. § 12–821(A) must be filed with the same parties.

A deputy county attorney responded to Blauvelt by letter dated September 22, 1986 stating that Blauvelt had failed to comply with the statute's requirements because he had served the demand letter upon the wrong party. The attorney indicated that he would recommend that the claim be denied even if properly filed, but he did not tell Blauvelt to whom a claim letter should be directed to comply with the statute.

On September 26, 1986, Blauvelt sent a new letter purporting to comply with the claim requirement to the Maricopa County recorder. The record contains no indication whether either the county recorder or the county attorney responded to this letter.

Almost a year later, on August 6, 1987—nearly two years after the arrest—Blauvelt filed a complaint against the state,[2] Maricopa County, and various unnamed employees alleging negligence by the state or county employees who failed to properly quash and process the order of protection under which he was mistakenly arrested. He sought at least $25,000 from each defendant and expungement of the arrest. As he did with his second claim letter, he served the summons and complaint upon the county recorder.

Maricopa County responded with a motion to dismiss or, alternatively, for summary judgment, alleging that Blauvelt had never filed a claim with the county and thus failed to comply with the prerequisites for filing a complaint against the county. The county attached an affidavit from the clerk of the county board of supervisors stating that she never received a claim from Blauvelt. The county argued that the

---

**1.** Blauvelt's brief and original complaint state that he was arrested on October 5, 1985, but the claim letters included in the record state that he was arrested September 29, 1985.

**2.** Whether Blauvelt also served a claim upon the defendant state as required by A.R.S. § 12–821 is unclear. He apparently served a claim letter and the summons and complaint properly, because the state did not question his procedure. The state did, however, file a motion on August 27, 1987, for a more definite statement, complaining that Blauvelt's allegation against the state was vague. The court granted the state's motion on September 24, 1987 and gave Blauvelt two weeks to file a more definite statement. On November 3, 1987, the state asked the court to strike it as a defendant because Blauvelt never filed a more definite statement. The court eventually granted the state's motion and eliminated it as a defendant.

board clerk was the proper party to have been served under rule 4(d)(8). The record does not contain the plaintiff's response to this motion.

The trial court granted the county's motion for summary judgment and dismissed Blauvelt's complaint, specifically finding that the rule 4(d)(8) language of "recording officer thereof" meant the chief executive officer's recording officer, not the county recorder. Therefore, Blauvelt failed to properly notify the government defendant of his claim within one year of the accrual of his cause of action, so he could not maintain his lawsuit for damages. The trial court, however, did not identify the chief executive officer's recording officer.

### DISCUSSION

■ Blauvelt raises two issues on appeal. He first argues that service upon the county recorder is sufficient service for claim letters and complaints under rule 4(d)(8). The county recorder, he contends, is the recording officer named in the rule.

The county argues that the county recorder, by statutory definition, is not a recording officer and that "[l]ogic and common sense" dictate that the claim should be directed to the specific county office involved. Additionally, the county points out that the county recorder is an officer independent of the county board of supervisors and is not empowered to act as the recording officer for the board.

This dispute is not as simplistic as it appears to be at first blush. We agree that the county recorder was the improper party on which to serve a suit naming the county board of supervisors.

Blauvelt's lawsuit named only Maricopa County as a whole, not a specific county office. The chief executive officer or body of Maricopa County is the board of supervisors. A.R.S. § 11-251(14) empowers the board to "[d]irect and control the prosecution and defense of all actions to which the county is a party and compromise them." Therefore, the question is, according to rule 4(d)(8), who is the board's recording officer?

Giving rise to this dilemma is an unfortunate choice of words. The literal language of rule 4(d)(8) instructs one serving a complaint and summons to serve the documents on "the chief executive officer, the secretary, clerk, or recording officer thereof" of a state governmental subdivision. This language has been interpreted in the case of counties to be the "chairman or clerk of the board supervisors." C. Smith, *Civil Trial Practice*, § 224 at 212 (1986). The only authority cited for this statement is A.R.S. § 11-216, which directs supervisors to elect a chairman who shall sign warrants, and A.R.S. § 11-241, which outlines the duties of the clerk of the board of supervisors.

Arizona used essentially the same language in the 1939 code, § 21-305(4), which required service "[u]pon the state or a municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer or the secretary, clerk or recording officer thereof." Section 3756 of the earlier 1928 code, however, is more revealing:

> In actions against a county, the summons shall be served on the chairman of the board of supervisors of such county, and in his absence on any member, *or the clerk of said board.* In actions against an incorporated city or town, the summons may be served on the mayor, a commissioner, the clerk or treasurer thereof.

(Emphasis added.) The earliest intention, therefore, was that suits against counties be served upon the board (the chairman or a member) or, in their absence, upon the board's clerk.

However, county government also has a county recorder. Unlike the board's clerk, the county recorder is an independently elected, constitutionally mandated officer in charge of keeping and recording a variety of documents. *See* Ariz. Const. art. XII, § 3; A.R.S. § 11-461 *et seq.* Although the county recorder records documents, the officer does not serve the board of supervisors but rather the county as a whole.

We find that the intent of rule 4(d)(8) is that complaints and summonses be served upon the chief executive of the governmental subdivision or the next best thing: *that* officer's secretary, clerk or recording officer. Blauvelt should have served either the board of supervisors or the board's clerk.

Blauvelt additionally argues that even if he did not comply explicitly with service requirements, the county received sufficient actual notice of the complaint because the county attorney's office filed a responsive pleading. The threshold problem, however, is not whether he served the county properly with the complaint and summons, but whether he ever complied with the *prerequisites* to a lawsuit by properly filing the claim. Because he failed to direct his claim to the proper party, the board of supervisors did not have the opportunity to consider settling it or compensating Blauvelt before he filed a lawsuit, which is the statute's objective. *See City of Tucson v. Fleischman,* 152 Ariz. 269, 731 P.2d 634 (App.1986). Because he failed to properly notify the county of his claim, he did not comply with A.R.S. § 12–821 and thus his subsequent lawsuit must fall. *See Mammo v. State,* 138 Ariz. 528, 675 P.2d 1347 (App.1983). The board of supervisors did not have the opportunity to consider the claim before the complaint was filed, as required by A.R.S. § 12–821.

We affirm the order of the trial court dismissing the complaint.

CORCORAN, P.J., and GREER, J., concur.