86 P.3d 912

**Tony MARTINEAU and Joseph Reyes, Plaintiffs–Appellants,**

v.

**MARICOPA COUNTY, a political subdivision of the State of Arizona; Fulton Brock, Don Stapley, Andrew Kunasek, Jan Brewer, and Mary Rose Wilcox, in their capacities as Members of the Maricopa County Board of Supervisors, Defendants–Appellees.**

No. 1 CA–CV 03–0056.

Court of Appeals of Arizona,
Division 1, Department D.

March 25, 2004.

Gunderson, Denton & Proffitt, P.C. by Brad A. Denton, Patrick J. Thurston, Mesa, Attorneys for Plaintiffs–Appellants.

Dean M. Wolcott, Phoenix, Attorney for Defendants–Appellees.

## OPINION

WINTHROP, Judge.

¶ 1 The superior court granted summary judgment to Appellees ("the County"), dismissing Appellants' declaratory judgment action challenging the validity of a policy promulgated by the County.  In this opinion, we decide whether Appellants complied, and were required to comply, with Arizona's public entity and county claim notice statutes as a prerequisite to maintaining their action for declaratory relief.  We ultimately hold that Appellants were not required to comply with the claim notice statutes in order to challenge the validity of the County's policy.

## FACTS AND RELEVANT PROCEEDINGS

¶ 2 Appellants are duly elected constables for justice precincts in Maricopa County, Arizona. In July 2001, the County promulgated Policy No. A2232 ("the policy"), entitled "Constables Personal Safety Training Policy." Under the policy, the County offered three levels of enhanced safety training for constables. Although no level of training was mandatory, the policy provided that constables who successfully completed and maintained Levels I and II training would be permitted to carry certain defensive (nonlethal) weapons during the performance of their duties; constables who successfully completed and maintained Level I and Level III training would be permitted to carry a firearm while performing their duties; and only constables who completed Level III training *and* obtained an Arizona concealed weapons permit would be permitted to carry a concealed weapon in the performance of their duties. The policy further provided that constables who were currently certified as peace officers in accordance with AzPOST[1] regulations did not need to duplicate applicable requirements under the policy.

¶ 3 Appellants filed a declaratory judgment action attempting to invalidate the policy and seeking a declaration that they are "peace officers and entitled to all the legal rights and benefits as such under Arizona law." Ancillary to Appellants' main action was their contention that they were entitled to counsel of their choice at County expense.

¶ 4 The County defended the validity of its policy and denied that constables are peace officers, or are entitled to perform the duties of peace officers, absent certification from the State of Arizona. The County also de-

nied responsibility for Appellants' attorneys' fees.

¶ 5 Appellants moved for summary judgment in their favor, seeking a judgment that constables are "peace officers as a matter of [Arizona] law," and arguing that the superior court should declare the County's policy invalid on various grounds. The County moved for summary judgment in its favor on the grounds that Appellants failed to satisfy statutory notice of claim requirements and that Appellants' claims were moot because Appellants had satisfied the policy's requirements in all material respects.

¶ 6 The trial court did not address the statutory notice of claims argument, but ruled that Appellants were required to follow the County's policy, that the policy did not conflict with state law, and that the County was entitled to summary judgment.[2] The trial court also ruled that the County was not responsible for Appellants' attorneys' fees. After the trial court entered final judgment, Appellants filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## THE ISSUE UNDER CONSIDERATION

¶ 7 On appeal, Appellants contend that the trial court erred in granting summary judgment to the County and in ruling that the County was not responsible for their attorneys' fees. The County contends that the trial court's judgment may be upheld because Appellants failed to satisfy essential prerequisites to their cause of action by not serving their claim notice properly as required by A.R.S. § 12–821.01(A) (2003) and failing to present their claim in accordance with A.R.S. § 11–622(A) (2001).[3] Because only our reso-

---

1. The legislature has established an Arizona peace officer standards and training ("AzPOST") board, which is charged with "prescrib[ing] reasonable minimum qualifications for officers to be appointed to enforce the laws of this state and the political subdivisions of this state and certify[ing] officers in compliance with these qualifications." Ariz.Rev.Stat. ("A.R.S.") § 41–1822(A)(3) (Supp.2003).

2. Although the County did not move for summary judgment establishing the validity of the policy, judgment on a motion for summary judg-

ment may be either for or against the moving party, even though the non-moving party has not filed such a motion. *Westin Tucson Hotel Co. v. State Dep't of Revenue*, 188 Ariz. 360, 365, 936 P.2d 183, 188 (App.1997) (citations omitted).

3. Although the County also argued before the trial court that Appellants' claim should be treated as moot because Appellants had satisfied the requirements of the policy in all material respects, the trial court did not rule on this argument, and the County has dropped this argument on appeal. Accordingly, we do not consider it.

lution of the question whether Appellants were required to comply with Arizona's public entity and county claim notice statutes merits publication, we have addressed the remaining issues in a separately filed memorandum decision. *See* ARCAP 28(g); Ariz. R. Sup.Ct. 111(h).

## ANALYSIS

### I. Standard of Review

■ ¶ 8 Summary judgment may be granted when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c). In reviewing the trial court's grant of summary judgment, we determine *de novo* whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Eller Media Co. v. City of Tucson,* 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App.2000).

■ ¶ 9 Additionally, statutory interpretation is a question of law that we review *de novo.* *State Comp. Fund v. Superior Court (EnerGCorp, Inc.),* 190 Ariz. 371, 374–75, 948 P.2d 499, 502–03 (App.1997). Our goal in interpreting a statute is to give effect to legislative intent. *Id.* at 375, 948 P.2d at 503. We begin our analysis with the plain language of the pertinent statute, *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996), because a statute's plain language provides the best evidence of intent. *EnerGCorp,* 190 Ariz. at 375, 948 P.2d at 503. However, we may also infer intent from a statute's purpose. *Id.*

### II. Failure to Comply With Notice of Claim Requirements

■ ¶ 10 The County's cross-motion for summary judgment argued that Appellants' complaint should be dismissed for failure to serve their claim notice properly under the public entity notice of claim requirements of A.R.S. § 12–821.01, and failure to present their claim in accordance with the county claim notice statute, A.R.S. § 11–622(A). Although the trial court did not address this argument in its ruling, the County raises the issue again on appeal as an alternative

ground for upholding the trial court's judgment in its favor. *See* ARCAP 13(b)(3) (stating that an appellee may present any issue properly presented in the superior court as grounds for affirmance of the judgment but may not seek expanded relief except by cross-appeal). We address this issue because, if the County is correct, Appellants failed to satisfy a "mandatory" and "essential" prerequisite to their cause of action, *see Pritchard v. State,* 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990) (interpreting the 1984 revision of former A.R.S. § 12–821, the predecessor public entity notice statute), and we therefore would not need to further consider Appellants' appeal.

¶ 11 "Persons who have claims against a public entity ... shall file claims with the person or persons authorized to accept service for the public entity ... as set forth in the Arizona rules of civil procedure...." A.R.S. § 12–821.01(A). Pursuant to Arizona Rule of Civil Procedure 4.1(i), service upon a county "shall be effected by delivering a copy of the summons and of the pleading to the chief executive officer, the secretary, clerk, or recording officer thereof."

¶ 12 Appellants served notice of their objections to the County's policy upon the Risk Management Office of the Maricopa County Attorney's Office ("MCAO"), which is not one of the officers upon whom service is directed to be made under the civil rules. Appellants also did not present a claim in strict accordance with A.R.S. § 11–622(A), which provides:

A person having a claim against a county shall present to the board of supervisors of the county against which the demand is held an itemized claim executed by the person under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount of each item and stating that the claim and each item of the claim is justly due.

¶ 13 Appellants contend that they substantially satisfied both statutory notice of claim requirements by serving the MCAO and by voicing their objections to the policy to the County's Board of Supervisors at a public

*See Jones v. Burk,* 164 Ariz. 595, 597, 795 P.2d 238, 240 (App.1990).

hearing that took place before the policy was enacted. Appellants note that their objections to the proposed policy resulted in a delay in its enactment and the appointment of a committee to investigate their claim. They rely on *Ames v. State*, 143 Ariz. 548, 694 P.2d 836 (App.1985), to support their substantial compliance argument.

¶ 14 We find *Ames* unhelpful because the *Ames* court interpreted an earlier version of the public entity claim statute, former A.R.S. § 12–821, which "d[id] not contain any provisions expressly dealing with the question of to whom notice must be given or the manner of giving notice." *Id.* at 550 n. 1, 694 P.2d at 838 n. 1. The revision of § 12–821 in 1984 added the requirement that the notice of claim be given "in the same manner as that prescribed in the Arizona Rules of Civil Procedure" for service of process in civil actions. 1984 Ariz. Sess. Laws, ch. 285, § 5. The present notice of claim statute, § 12–821.01(A), perpetuates this requirement.

¶ 15 Neither party has cited *Blauvelt v. County of Maricopa*, 160 Ariz. 77, 80, 770 P.2d 381, 384 (App.1988), in which this court held that the failure to comply with the mandate in subsection (A) of the revised version of § 12–821, stating that service be made in accordance with Arizona Rule of Civil Procedure 4(d), meant that the plaintiff's "subsequent lawsuit must fall." The *Blauvelt* court specifically rejected the claim Appellants make here, that actual notice to the MCAO met the prerequisite to suit. 160 Ariz. at 80, 770 P.2d at 384. *See also EnerGCorp*, 190 Ariz. at 376, 948 P.2d at 504 ("Under the claims statute, no action may be maintained when a plaintiff has failed to file a timely, sufficient notice of claim, including all elements required by law, with a person authorized by the Arizona Rules of Civil Procedure to accept service for the defendant agency.") (citation omitted).

¶ 16 Appellants also cite *Arizona Telco Federal Credit Union v. Arizona Department of Revenue*, 158 Ariz. 535, 764 P.2d 20 (App.1988), *superseded on other grounds by*

statute as stated in *E.C. Garcia & Co. v. Ariz. Dep't of Revenue*, 178 Ariz. 510, 875 P.2d 169 (App.1993), as authority for the adequacy of their notice under the county claim statute. The claim in *Telco* was for overpayment of property taxes, a claim Telco had presented to the county assessor. *Id.* at 537, 764 P.2d at 22. The county argued that Telco's claim was barred for failure to comply with the county claim statute, but another panel of this court disagreed. *Id.* at 538, 764 P.2d at 23. The court first assumed without deciding that the county claim statute applied to Telco's claim. *Id.* It then described the main purpose of the claim statute as being to provide notice to a county "of its legitimate debts within a short time after those debts become due," and concluded that Telco's petition to the county assessor had given the county notice of the claim and an opportunity to adjust or discharge the claim. *Id.*[4]

¶ 17 Even if *Telco* is authority for Appellants' contention that substantial compliance with the county notice of claim statute is sufficient, the doctrine of substantial compliance with the public entity claim statute enunciated in *Ames* is no longer viable under the amended statute. Thus, even if Appellants substantially satisfied the county claim statute, their claim would be precluded for lack of compliance with the notice requirements set out in A.R.S. § 12–821.0l(A), if those requirements apply in this case.

### III. Compliance Unnecessary as a Prerequisite

¶ 18 Appellants argue that neither statutory notice of claim requirement applies here in view of the nature of their action—that is, a declaratory judgment action seeking to invalidate a County policy. We agree.

¶ 19 The purposes of the notice of claim requirements of both § 12–821.01 and § 11–622 are similar; that is, to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in

---

4. The court also upheld, on the basis of *Ames*, the adequacy of Telco's notice under the version of the public entity claim notice requirement then existing in A.R.S. § 12–821. *Telco*, 158 Ariz. at

538, 764 P.2d at 23. As we have noted *infra*, *Ames* is no longer controlling authority under the present notice of claim requirements in A.R.S. § 12–821.01(A).

financial planning and budgeting. *Crum v. Superior Court (Cutler)*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App.1996) (§ 12–821.01(A)); *Norcor of Am. v. S. Ariz. Int'l Livestock Ass'n,* 122 Ariz. 542, 543, 596 P.2d 377, 378 (App.1979) (§ 11–622) (stating that the purposes of Arizona county claim statutes are to provide an opportunity for settlement, to enable a prompt investigation, to protect a county against imposition, and to prevent unscrupulous public officials from depleting the public treasury).

¶ 20 Appellants' claim for declaratory relief does not seek damages and would not result in any monetary award against the County even if successful (absent possible costs and attorneys' fees), and therefore would have no direct effect upon the County's financial planning or budgeting. Nor does evaluation of the claim depend upon the availability of witnesses or evidence.

¶ 21 The statutory language of both claim statutes is also inconsistent with Appellants' claim for declaratory relief. The county claim statute speaks in terms of an itemized demand that states "minutely" the date and amount of each item alleged to be due. Similarly, an essential component of public entity notice is a reasonable estimate of the amount for which the "claim" may be settled. *Hollingsworth v. City of Phoenix,* 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (App.1990). Appellants' claim for declaratory relief is not amenable either to minute itemization or to settlement for a sum certain.

¶ 22 The parties have not cited, and we have not found, any Arizona authority precisely on point on the issue whether an action primarily for declaratory relief is subject to governmental claim notice statutes.[5] Appellants cite *M.G.M. Construction Co. v. Alameda County,* 615 F.Supp. 149 (N.D.Cal. 1985) (applying California law), in support of the proposition that their action is not subject to the notice of claim statutes. In *M.G.M.,* a disappointed low bidder brought a declaratory judgment action to challenge a county's affirmative action program. *Id.* at 150. The defendants contended that the claim was barred for failure to comply with California's notice of claim statute, which precluded claims against a public entity unless the litigant had first presented the claims for administrative resolution. *Id.* at 151. In rejecting this argument, the court was particularly persuaded by the contention that a notice of claim provision should not apply to a suit where the primary relief sought was a declaration that the county's action violated state law. *Id.* The court concluded, "None of the recognized purposes of the notice of claims statute are implicated by a suit in which a formal policy of the locality must be declared illegal in order for the plaintiff to prevail." *Id. Accord Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.,* 840 F.Supp. 1328, 1358 (N.D.Cal.1993) (finding that the plaintiffs' request for an injunction declaring that handicap access laws were violated was of great weight and that potential damages were small and particularly inconsequential in comparison to the effect of the declarations sought).

¶ 23 California state-court authority is in accord. The California "Government Claims Act" requirement of notice serves the same purposes as the analogous Arizona notice requirements; i.e., "to facilitate early investigation of disputes and settlement without trial if appropriate, as well as to enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future." *Gatto v. County of Sonoma,* 98 Cal.App.4th 744, 120 Cal.Rptr.2d 550, 554 n. 3, 564 (2002) (citations omitted). Thus, California courts have recognized an exception to the claim act notice requirements where declaratory or injunctive relief is the primary purpose of the litigation. *Id.* at 562–63.[6]

---

**5.** *Cf. Citizens for Orderly Dev. & Env't v. City of Phoenix,* 112 Ariz. 258, 260, 540 P.2d 1239, 1241 (1975) (stating that the only proper method for testing the legality of a legislative enactment, be it municipal, county, or state, is by judicial review after enactment); *Gregory v. Thompson,* 159 Ariz. 512, 514–15, 768 P.2d 674, 676–77 (App.

1989) (deciding that constables were not required to make expenditures and seek reimbursement under the claim statute and could challenge the decision of the county in a declaratory action).

**6.** Although recognizing the exception, the *Gatto* court nevertheless affirmed the trial court's im-

¶24 We find the authorities interpreting California's governmental claim notice requirements persuasive and consistent with the purposes of Arizona's public entity notice requirements. We therefore conclude that Appellants were not required to comply with Arizona's public entity and county claim notice statutes as a prerequisite to this declaratory judgment action.[7]

## CONCLUSION

¶25 For the foregoing reasons, we conclude that, even if Appellants' substantial compliance with the county notice of claim statute is sufficient, their claim would be precluded for lack of compliance with the public entity claim statute requirements set out in A.R.S. § 12–821.01(A), if those requirements were to apply. However, we further conclude that, in view of the nature of the action—that is, a declaratory judgment action seeking to invalidate the County's policy—Appellants were not required to comply with Arizona's public entity and county claim notice statutes. Accordingly, we affirm the trial court's decision to address the merits of Appellants' summary judgment motion.[8]

CONCURRING: JON W. THOMPSON, Presiding Judge and JOHN C. GEMMILL, Judge.

plied finding that the claim filing requirement did apply to Gatto because his "request for damages was not merely incidental to a transcendent interest in injunctive relief but was the primary relief sought." 120 Cal.Rptr.2d at 563–65.

7. Our holding today should not be understood to allow the filing of an action for monetary damages under the guise of seeking declaratory relief without first complying with statutory or administratively mandated procedures. *See, e.g., Estate of Bohn v. Scott,* 185 Ariz. 284, 290–91, 915 P.2d 1239, 1245–46 (App.1996).

8. In a separately filed memorandum decision, we have affirmed the trial court's entry of summary judgment in favor of the County concerning the validity of the subject policy and the court's ruling that the County was not responsible for Appellants' attorneys' fees.