NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ERIKA JACOBS, *Plaintiff/Appellant*,

*v.*

MARICOPA INTEGRATED HEALTH CARE SYSTEM, *Defendant/Appellee*.

No. 1 CA-CV 18-0277
FILED 2-26-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2018-050917
The Honorable John R. Hannah, Judge

**AFFIRMED**

---

COUNSEL

Erika Jacobs, Norman, Oklahoma
*Plaintiff/Appellant*

Campbell, Yost, Clare & Norell, P.C., Phoenix
By Sigurds M. Krolls, Rachel Anna DePena, Kevin R. Myer
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Judge:

**¶1**        Erika Jacobs appeals the superior court's dismissal of her complaint against Maricopa Integrated Health Care System ("MIHCS") for defamation.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        On June 11, 2017, Jacobs was admitted to MIHCS due to "pains in the lower extremities."  She stayed at the hospital overnight but left the next day—against medical advice—because she was "dissatisfied with their service."  Upon reviewing the discharge summary in her medical records, Jacobs noticed two comments made by Dr. Koruon Daldalyan that she believed to be untruthful.  One comment stated Jacobs exhibited "odd behavior" during her stay; the other stated Jacobs was a "poor historian" of her medical history.  Jacobs believed these statements were a form of retaliation because she expressed her dissatisfaction with the staff before leaving MIHCS.  She sought assistance from the medical administration to get the statements removed from her record, and a staff member directed Jacobs to file a complaint with the hospital's medical records department.

**¶3**        Jacobs filed her complaint on a pre-printed form entitled "Request To Amend Protected Health Information."  The staff member told Jacobs she would receive a response in thirty days.  When Jacobs did not hear back after thirty days, she sent another complaint via certified mail in August 2017.[1]

**¶4**        MIHCS responded to the second complaint letter in December 2017 notifying Jacobs that it would not remove Dr. Daldalyan's statements.  MIHCS further instructed Jacobs that, if she was still dissatisfied with the result of her complaint, she could "contact the Privacy Officer of Maricopa Integrated Health System regarding [her] complaint[]

---

[1]      This letter is not part of the record on appeal.

. . . [or] file a complaint with The Secretary of the U.S. Department of Health and Human Services within 180 days of the date of [her] request." After receiving MIHCS' response, Jacobs filed a claim with the U.S. Department of Health and Human Services ("HHS"), and she initiated this lawsuit in January 2018.

¶5        Jacobs alleged in the complaint that Dr. Daldalyan engaged in defamatory conduct and violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") when he included the "untruthful information" in her medical records. She also alleged the comments damaged her reputation because it created an inference to her subsequent treating physicians that she is "untruthful" and suffers from "mental issue[s]," and demanded judgment in the amount of $5,000. MIHCS filed a motion to dismiss the complaint pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6), arguing that, as a non-jural public entity, MIHCS could neither sue nor be sued in its own name, and that Jacobs' claims were barred by the notice of claims statute, Arizona Revised Statutes ("A.R.S.") section 12-821.01(A). The superior court granted the motion to dismiss, and Jacobs timely appealed.[2]

¶6        We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**[3]

¶7        We review *de novo* the dismissal of a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). When adjudicating a Rule 12(b)(6) motion to dismiss, trial courts consider only the well-pled factual allegations contained in the pleadings. *Id.* at 356, ¶ 9. Dismissal under the rule is appropriate if, as a matter of law, the plaintiff would not be entitled to relief under any interpretation of the facts. *Id.* at ¶ 8.

¶8        Section 12-821.01(A) requires a plaintiff who wishes to bring an action against a public entity to file a notice of claim with the entity

---

[2]        The superior court did not rule on the non-jural entity status defense raised by MIHCS, and appellee does not raise the issue on appeal; accordingly, we do not address it further. *See* ARCAP 13(b)(2).

[3]        In addition to the arguments set forth herein, Jacobs asserts that the superior court violated her Seventh Amendment rights. She provides no argument for her statement, and we therefore do not address it on appeal. *See* ARCAP 13(a)(6)-(7).

"within one hundred eighty days after the cause of action accrues." Strict compliance with § 12-821.01(A) is generally required. *See Falcon ex rel. Sandoval v. Maricopa Cty.*, 213 Ariz. 525, 527, ¶ 10 (2006) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements.").

> I.     *Jacobs' 2017 Letters Did Not Comply with the Notice of Claim Requirement*

**¶9**        Jacobs argues that both the request to amend her medical information and the letter sent in August 2017 satisfy the notice of claim requirement. MIHCS argues both documents are insufficient to satisfy the statutory requirement because she did not include language about a legal claim against MIHCS or a request to settle for a certain sum of money.

**¶10**        Section 12-821.01(A) requires a person pursuing a claim against a public entity to submit a notice of claim that contains facts sufficient to permit the public entity to understand the basis upon which liability is claimed and a specific amount for which the claim can be settled. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6 (2007). In *Deer Valley*, our Supreme Court ruled that the plaintiff did not file a valid notice of claim because she "fail[ed] to state a specific amount that she would accept to settle her claims." *Id.* at 297, 299, ¶¶ 11, 23. The court explained, "the Legislature intended the 1994 [statutory] changes to establish specific requirements that must be met for a claimant to file a valid claim," and therefore, "[c]laims that do not comply with A.R.S. § 12-821.01.A are statutorily barred." *Id.* at 295, 299, ¶¶ 6, 21.

**¶11**        Here, we agree with MIHCS that Jacobs failed to comply with the requirements of § 12-821.01(A). Her June 12, 2017 record-modification request did not include any language of a potential legal claim or specify a settlement amount.[4]   Likewise, her alleged letter sent August 2017 is

---

[4]        Since the superior court complaint ultimately alleged monetary damages, Jacobs was required to quantify her damages claim and identify an amount she would accept to settle the dispute. *Compare Yahweh v. City of Phoenix*, 243 Ariz. 21, 23, ¶ 12 (App. 2017) (holding strict compliance with § 12-821.01(A) applies when a plaintiff seeks monetary damages against a public entity), *with State v. Mabery Ranch, Co., L.L.C.*, 216 Ariz. 233, 245, ¶¶ 52-53 (App. 2007) (holding § 12-821.01(A) does not apply when "a private party seeks an injunction restraining conduct by a public entity"), *and Martineau v. Maricopa Cty.*, 207 Ariz. 332, 337, ¶ 25 (App. 2004) (holding

insufficient to satisfy § 12-821.01(A). Although Jacobs characterized the letter as a "notice of claim" in her complaint and opening brief, the letter is not in the record and Jacobs offers no details as to the language of the letter—such as the amount of the settlement offer included in the letter or the specific facts she included that put MIHCS on notice of her claim. In short, even construing the facts in a light most favorable to her legal theory, Jacobs has failed to show that she complied with the statutory requirements of § 12-821.01(A) and that she is entitled to relief as a matter of law.

## II.     *Jacobs Did Not State a Claim for Relief Under Federal Law*

**¶12**          Jacobs argues in the alternative that a notice of claim was not needed because her claim arises out of a federal law. Jacobs cites to the Arizona Attorney General's handbook in support of her argument. The handbook states, "[a] notice of claim is not required for claims arising under federal law, whether suit is to be filed in federal or state court." Ariz. Attorney Gen. Agency Handbook, Chapter 13, § 13.5.1.6 (Rev. 2018). MIHCS asserts Jacobs' claim does not arise out of federal law, and she erroneously relies on laws inapplicable to "privacy-based torts" to avoid the notice of claim requirement.

**¶13**          A plaintiff's claim "arises under federal law" if the federal law itself creates a cause of action or if a substantial question of federal law is a necessary element of the cause of action. *Niagra Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 862 F.Supp. 995, 999 (W.D.N.Y. 1994) (internal citation omitted). If a plaintiff wants to assert a cause of action under federal law, it must be discernible on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Furthermore, a substantial question of federal law is created only if the plaintiff's complaint "necessarily draws into question the interpretation or application of [a] federal law." *Niagra Mohawk Power Corp.*, 862 F.Supp. at 999 (internal quotation omitted).

**¶14**          On appeal, Jacobs asserts her claim arose from Dr. Daldalyan's violation of HIPAA, the federal law that forbids the documentation of false information on a patient's medical records. Yet, in her complaint, Jacobs only asserted a state law defamation claim—and simply alluded to a HIPAA violation. More importantly, HIPAA does not

---

§ 12-821.01(A) does not apply when the complaint seeks a declaratory judgment to invalidate a public entity's policy).

create a private right of action for an individual plaintiff, so Jacobs could not have used that law as a basis for bringing any claim in state or federal court.[5] *Webb v. Smart Document Sol., LLC*, 499 F.3d 1078, 1083 (9th Cir. 2007). Indeed, Jacobs states on appeal that she filed a claim with HHS, but she does not clarify whether HHS decided to pursue the claim on her behalf. Because Jacobs neither asserted a claim under HIPPA nor could have done so, her assertion that she did not have to comply with § 12-821.01(A) fails as a matter of law.

III.    *Costs on Appeal*

¶15        MIHCS requests this court award "its taxable costs." However, MIHCS does not specify whether it seeks costs on appeal or costs for defending the claim in its entirety.

¶16        Although A.R.S. § 12-341 mandates a trial court award costs to the "successful party" in a civil action, the trial court has great discretion in determining the "successful party." *Democratic Party of Pima Cty., v. Ford*, 228 Ariz. 545, 549, ¶ 15 (App. 2012). Here, the superior court dismissed Jacobs' complaint with prejudice but did not award MIHCS its costs or determine it as the "successful party." Therefore, we will not award MIHCS its costs for defending the action in superior court. Nonetheless, as the prevailing party in this appeal, MIHCS is entitled to recover its appellate costs, and we award those costs upon its compliance with Arizona Rule of Civil Appellate Procedure 21. *Henry v. Cook*, 189 Ariz. 42, 43-44 (App. 1996).

**CONCLUSION**

¶17        For the foregoing reasons, the superior court's judgment is affirmed.

AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[5]        HIPAA is enforced by HHS. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). A person who feels their rights have been violated under HIPAA may file a claim with HHS, and the department then has the option to pursue legal recourse on the victim's behalf. *Id.*