NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEBORA YELLOWMAN, *Plaintiff/Appellant,*

*v.*

RISHA VANDERWEY AND JOSEPH R. SMITH, both of whom are named
in their official capacity as employees of the Tuba City Unified School
District; TUBA CITY UNIFIED SCHOOL DISTRICT, *Defendants/Appellees.*

No. 1 CA-CV 21-0116
FILED 12-2-2021

Appeal from the Superior Court in Coconino County
No. S0300CV202000141
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

The Law Offices of David R. Jordan PC, Gallup, NM
By David R. Jordan
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix, AZ
By Georgia A. Staton, Ravi V. Patel, Justin M. Ackerman
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

**¶1**        Debora Yellowman appeals the superior court's judgment dismissing her complaint for mandamus relief and compensation against defendants Risha Vanderwey, Joseph R. Smith, and Tuba City Unified School District ("the District").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Yellowman, a guidance counselor with the District, unsuccessfully pursued eligibility for guidance counselors to receive classroom site funds available to teachers under Arizona Revised Statutes ("A.R.S.") § 15-977.  The District's governing board denied her grievance appeal, concluding that guidance counselors had not shown they met the board-approved classroom site fund plan's eligibility criteria.

**¶3**        Yellowman did not serve a notice of claim pursuant to A.R.S. § 12-821.01 on the District or its employees.  Instead, she filed a special action complaint in superior court asking the court to order the board to hold a vote of teachers on a performance-based compensation system, and that Vanderwey and Smith carry out the directives and distribute funds to her because she meets the definition of "teacher" under the performance-based compensation system.  She further demanded the retention pay and salary increase that certified teachers received.

**¶4**        The superior court granted the Defendants' motion to dismiss finding improper service, failure to comply with the notice of claim statute, lack of verification, and lack of standing.  It then entered final judgment. We have jurisdiction over Yellowman's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

### DISCUSSION

**¶5**        Yellowman argues the superior court erred by dismissing her claims for failing to serve a notice of claim pursuant to A.R.S. § 12-821.01

because that statute does not apply in this mandamus action. The District argues the statute applies because Yellowman was seeking monetary compensation.

¶6 The District attached documents outside the pleadings in support of its motion to dismiss. The superior court's consideration of those documents converted the motion to one for summary judgment. Ariz. R. Civ. P. 12(d); *Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6 (App. 2008). We construe all facts in favor of Yellowman and will affirm only if there is no genuine material fact dispute and the District "is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *Yollin*, 219 Ariz. at 27 ¶ 6. Whether a statute is applicable is a question of law, which we review de novo. *Home Builders Ass'n of Cent. Ariz. v. Kard*, 219 Ariz. 374, 381, ¶ 30 (App. 2008).

¶7 Section 12-821.01(A) provides that:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service . . . within one hundred eighty days after the cause of action accrues. . . . Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

¶8 The timely filing of a notice of claim that satisfies § 12-821.01 is a necessary prerequisite to filing a lawsuit against a public entity. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294, ¶ 1 (2007). The failure to properly file a notice of claim within the statutory time bars a plaintiff's claim. *Falcon v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10 (2006).

¶9 The notice-of-claim statute applies to all "claims" against public entities, except for claims in eminent domain cases for just compensation. A.R.S. § 12-821.01(A), (H). The purpose of the statute is to allow a "public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Martineau v. Maricopa County*, 207 Ariz. 332, 335-36, ¶ 19 (App. 2004). Case law exempts injunctive and declaratory relief claims from compliance with the statute. *State v. Mabery Ranch Co.*, 216 Ariz. 233, 245, ¶¶ 48–53 (App. 2007); *Martineau*, 207 Ariz. at 335–37, ¶¶ 18–24. Plaintiffs cannot avoid the notice-of-claim requirement by couching their claim as one for injunctive or declaratory relief when they are seeking monetary damages. *See Martineau*, 207 Ariz. at 337, ¶ 24 n.7; *see*

*Arpaio v. Maricopa Cnty. Bd. of Supervisors*, 225 Ariz. 358, 362, ¶ 11 (App. 2010) (a claimant seeking declaratory relief resulting in recovery of funds from a governmental entity required to comply with the notice-of-claim statute).

¶10      Yellowman's complaint sought an order directing the board to hold a vote of teachers on a performance-based compensation system and the District's employees to implement the compensation system directives by distributing funds to her; she also sought retention pay and a salary increase. Although Yellowman presented her complaint as one for mandamus relief, there is no record evidence that she sought anything other than compensation from the District. Instead, the record shows that Yellowman requested "Guidance Counselor eligibility for Classroom Site Funds." Her request would require the District to expend funds, which affects financial planning and budgeting. Thus, she must comply with the notice-of-claim statute, which she undisputedly did not do. *See Martineau*, 207 Ariz. at 337, ¶ 24 n.7; *Arpaio*, 225 Ariz. at 362, ¶ 11. The plain language of the statute supports its application to her claims, and the superior court did not err by granting judgment in defendants' favor. *Deer Valley*, 214 Ariz. at 294, ¶ 1; *Falcon*, 213 Ariz. at 527, ¶ 10.

¶11      Because Yellowman failed to satisfy a mandatory and essential prerequisite to her cause of action, we do not further consider her appeal or the other grounds addressed in the superior court's ruling granting judgment. *Martineau*, 207 Ariz. at 334, ¶ 10.

## CONCLUSION

¶12      For the foregoing reasons, we affirm the superior court's ruling. We award costs to defendants upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA